PETTY, APPELLANT, *v.* FIRST NATIONAL BANK OF AKRON ET AL.,
APPELLEES.

[Cite as Petty v. First National Bank (1976),
50 Ohio App. 2d 365.]

(No. 8215—Decided December 30, 1976.)

*Mr. John L. Wolfe,* for appellant.

*Mr. John A. Schwemler,* for First National Bank of
Akron.

*Mr. Frederick S. Corns,* for Berk's Akron Title Agency,
Inc.

*Mr. Richard G. Sternberg,* for Earl B. Petty, Jr.

*Mr. Perry G. Dickinson,* for himself.

*Mr. Stephen E. Hughes,* for himself.

MAHONEY, P. J. Plaintiff, Earl B. Petty, appeals from
the trial court's order granting a directed verdict in favor
of defendants and dismissing the remaining cross claim
and third party complaint for mootness.

Plaintiff alleges, in his amended complaint, that in
1972 defendant Berk's Akron Title Agency, Inc., drew a
$26,173.35 check made payable to plaintiff and Earl B.
Petty, Jr., the executor of his deceased spouse's estate. He
further alleges that the check was paid by defendant First
National Bank of Akron, over plaintiff's forged endorse-
ment, and the proceeds were credited to Attorney Stephen
E. Hughes' (third party defendant) personal account.
Plaintiff maintains that he never received any of the pro-
ceeds of the check and requests a judgment against de-
fendants for one-half the amount of the check.

Thereafter, First National Bank filed a cross claim

against Berk's Akron Title Agency and a third party complaint against Stephen E. Hughes, Earl B. Petty, Jr. (both individually and as executor of Mrs. Petty's estate) and Perry G. Dickinson, as stakeholder (trustee for Stephen Hughes).

Pursuant to plaintiff's motion for severance of the third party actions, the trial court ordered that the jury first hear the issues contained in plaintiff's amended complaint, the answers of the original defendants and the cross claim. The remaining issues were to be heard after the determination of the original action if it became necessary. However, the trial court granted defendants' motion for a directed verdict following the close of plaintiff's case and the remaining issues became moot. Plaintiff appeals from the order granting the directed verdict.

Plaintiff maintains that:

"I. The court erred in directing a verdict in favor of the defendants, First National Bank of Akron and Berk's Akron Title Agency, Inc.

"II. The court erred in not ordering a severance and separate trial of the third party complaint of defendant, First National Bank of Akron, as third party plaintiff, against Stephen E. Hughes, Earl B. Petty, Jr., Administrator, Earl B. Petty, Jr., individually, and Perry G. Dickinson, third party defendants."

Assignment of error one is well taken. The record discloses that the trial court based its order on R. C. 1303.-36, which provides in pertinent part:

"(A) Unless specifically denied in the pleadings, each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:

"(1) the burden of establishing it is on the party claiming under the signature; but

"(2) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required. * * *"

Defendants contend that since plaintiff was disputing the validity of the endorsement he had the burden of overcoming the presumption that the endorsement was genuine

and authorized (actually plaintiff only had to prove lack of authority because Hughes admitted signing plaintiff's name). Plaintiff, who is 93 years old and partially blind, testified that he could not remember whether he gave Hughes the authority to endorse the check. Thus, defendants maintain that plaintiff failed to overcome the presumption.

We hold that R. C. 1303.36 is not applicable to this situation. A review of the official comments to sub-section (1) of Sec. 3-307 of the Uniform Commercial Code (after which R. C. 1303.36 is patterned) reveals that this section concerns defenses when the validity of a signature is at issue. The purpose of the section is to give the presumption of the validity of a signature to a party suing as holder to collect on a note or a draft. It cannot be used to unnecessarily burden a party who is bringing an action in conversion resulting from the payment of an instrument over a forged endorsement.

All the parties concede that the plaintiff's signature was not genuine. The defendants assert that Hughes had authority to sign the plaintiff's name. The burden of proving agency is always upon he who asserts it.

The second assignment of error is without merit. An order for severance and separate trial is within the discretion of the trial court in this instance. See Civ. R. 14 and Civ. R. 42(B). Plaintiff fails to demonstrate how the trial court abused its discretion when it ruled on the motion for severance and separate trials.

In view of our determination in the first assignment of error, the judgment is reversed and this cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

DOYLE and LOMBARDI, JJ., concur.

DOYLE, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, and LOMBARDI, J., of the Court of Common Pleas of Summit County, sitting by designation in the Ninth Appellate District.