BATES & SPRINGER, INC., APPELLANT, *v.* STALLWORTH, APPELLEE.

224

(No. 36688—Decided March 23, 1978.)

*Mr. Stanley E. Stein,* for appellant.
*Mr. Conrad J. Morgenstern,* for appellee.

KRENZLER, P. J. On May 24, 1974, the plaintiff-appellant, Bates & Springer, Inc., hereinafter referred to as the appellant, took a cognovit judgment against the defendant-appellee, McKinley Stallworth, hereinafter referred to as the appellee, in the Cleveland Municipal Court. The appellant's cognovit judgment was based upon a promissory note containing a confession of judgment purportedly signed by the appellee which was incorporated

within a lease agreement between the parties dated June 1, 1973.[1]

On January 8, 1976, the appellee filed a motion for relief from judgment under Civ. R. 60(B). The motion requested an oral hearing and alleged that:

" * * * this Defendant was not given Notice of the filing of the Complaint nor of any hearing upon the Complaint, and that he was not given an opportunity to be heard at the time of the alleged final hearing and presentation of the evidence; that Defendant has a good, valid and complete defense to the Plaintiff's allegation that a Lease existed upon which its claim is founded, when in fact, no written Lease was ever executed by this Defendant."

The appellant submitted a brief but no affidavits or other evidentiary material with his motion.

The appellant filed nothing in opposition to the motion. Acting on the appellee's motion, the court granted the request for a hearing. After the hearing, the trial court by entry dated March 1, 1976, vacated the judgment. The appellant did not take an appeal from the trial court's order, vacating the judgment.

The appellee promptly filed an answer to the appellant's original complaint denying that he was indebted to the appellant in any amount; that a written lease was executed between the parties; and that the lease instrument was complete and regular on its face when executed.

The case went to trial, and on May 27, 1976, the court entered judgment for the appellee. At the appellant's request the court made findings of fact and conclusions of law which are summarized for convenience as follows:

On or about June 1, 1973, the appellee rented an apart-

---

[1]It is noted that this lease agreement was executed prior to the enactment of the new Ohio Landlords and Tenants Act which in R. C. 5321.13(B) provides that:

"No warrant of attorney to confess judgment shall be recognized in any rental agreement or in any other agreement between a landlord and tenant for the recovery of rent or damages to the residential premises."

ment in a building managed by the appellant. At the request of the building custodian employed by the appellant, the appellee signed a blank receipt form printed at the bottom of a document captioned, "Rental Application, Lease and Receipt." This document was admitted in evidence at trial as Plaintiff's Exhibit No. 1.[2]

Based upon the appellee's testimony, the court found that the appellee signed the receipt form but did not sign the lease agreement which contained the promissory note and that when he signed the receipt the document was not completed.

The appellant presented no evidence to refute the appellee's testimony.

The appellee occupied the apartment starting on June 15, 1973, paid each month's rent thereafter as agreed upon, and vacated the apartment on December 31, 1973, leaving the premises in good condition.

In its conclusions of law the court stated that the appellee was the only witness to the purported lease execution present at trial and that his testimony was uncontroverted. The court concluded that the appellee was a month-to-month tenant and that judgment should be in his favor.

The appellant filed a notice of appeal from the judgment of the Cleveland Municipal Court on June 18, 1976, and indicated upon its praecipe for the record on appeal that the appellant relies upon the original papers and exhibits filed in the trial court, the certified copy of the docket and journal entries prepared and filed below, and the findings of fact and conclusions of law entered by the trial judge. Consequently, with respect to both the hearing on the motion for relief from judgment and the trial on the merits, we have neither a verbatim transcript of proceedings nor a narrative statement of the evidence

---

[2]This document which was attached to the plaintiff's complaint as Exhibit A is a one-page printed form. It consists of three separate parts: a rental application, a lease agreement containing a cognovit promissory note, and a rent receipt. There is a signature line at the end of the lease agreement portion and a signature line in the receipt form along the bottom of the document.

prepared pursuant to App. R. 9(B) or 9(C), respectively.

Three assignments of error are set forth for our determination:

1. The trial court erred in granting appellee's motion for relief from judgment filed beyond the reasonable time period prescribed in Civil Rule 60(B).

2. The trial court erred in invalidating the leasehold agreement based on matters not affirmatively pled, matters not properly proved, and a nonexistent duty of lessor to deliver a copy of the written lease.

3. All other errors apparent on the record.

For his first assignment of error the appellant contends that the trial court erred in granting the appellee relief from judgment because the motion was not filed "within a reasonable time" as required by Civ. R. 60(B).

Before addressing the dispositive issue with respect to this assignment of error, some background comments about the procedures for obtaining relief under Civ. R. 60 (B) are warranted.

In *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, the Ohio Supreme Court established the following guidelines for obtaining relief from judgment:

"To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The *GTE* decision stressed that these three requirements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151. Thus, a three part test is developed for use by a reviewing court when the granting or denial of relief from judgment is challenged on appeal.

Prior to *GTE*, this court addressed the procedural aspects for obtaining a hearing upon a motion under Civ. R. 60(B) as well as ultimate relief from judgment in

*Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97. The procedural requirements were summarized as follows:

"A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, he must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense." *Id.* at 103.

In the present appeal the appellant in effect contends that if an applicant for relief from judgment under Civ. R. 60(B) does not demonstrate in his motion and accompanying materials the operative facts which entitle him to relief, then as a matter of law no hearing on the motion should be held and the motion must be denied.

There is no question that a court can rule upon a motion under Civ. R. 60(B) without a hearing. Where the movant submits with his motion sufficient evidence on all three issues as required by *GTE,* the trial court may grant the motion for relief from judgment without holding an evidentiary hearing. *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9. Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ. R. 60(B), the trial court may refuse to grant a hearing and summarily overrule the motion for relief from judgment. *Adomeit* v. *Baltimore, supra.*

When the movant fails to submit with his motion sufficient factual material to justify relief from judgment, the better practice would be for the trial court to summarily deny the motion. It is, however, within the sound discretion of the trial court whether to hold an evidentiary hearing on a Civ. R. 60(B) motion. *Adomeit* v. *Baltimore, supra.*

If the trial court exercises its discretion and grants a hearing on the motion, any appeal taken from the court's action thereon is not decided upon the material submitted with the motion but upon whether the evidence introduced

at the hearing satisfies the three requirements of *GTE*. The sufficiency of the applicant's motion and any supporting factual material submitted to the trial court, standing alone, does not determine the result on appeal. The three requirements for obtaining relief from judgment under Civ. R. 60(B) create factual questions. Therefore, to demonstrate error in the trial court's disposition of such a motion after an evidentiary hearing, an appellant must supply the reviewing court with either a verbatim or narrative transcript of the evidence presented at the hearing. Once the trial court grants a hearing, the parties should be on guard to protect themselves for a subsequent appeal by securing a transcript of the evidence presented during the proceeding. See App. R. 9(B) and 9(C).

With motions under Civ. R. 60(B) as with other motions after an evidentiary hearing is held in the court below, a reviewing court cannot necessarily determine that error occurred in the trial court by looking only to the motion and its supporting materials. In the absence of all the relevant evidence introduced at the hearing in support of and in opposition to the motion for relief from judgment, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72.

Whether the relevant evidence is made a part of the record on appeal by way of a verbatim transcript or a narrative statement of the evidence is the appellant's choice. It is the appellant's responsibility to include such evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. App. R. 9(B).

The record in the present appeal offers an excellent example of the difficulties met by litigants in properly applying for and opposing relief from judgment under Civ. R. 60(B). The appellee filed a motion for relief from judgment and a supporting brief, but he submitted no factual material such as affidavits, depositions, answers to interrogatories, or the like. The motion did not state, let alone demonstrate with operative facts, that the motion was timely or that the appellee was entitled to relief un-

der one or more. grounds stated in Civ. R. 60(B)(1) through (5). The motion alleged that the movant had a defense to the appellant's claim but no factual material was submitted to demonstrate the merit of such defense.

Considering the appellee's motion and brief on their face, it would not have been an abuse of discretion for the trial court to summarily deny the motion without a hearing. *Adomeit* v. *Baltimore, supra.* The trial court, however, in the exercise of its discretion chose to grant the appellee a hearing on his motion for relief. Given an evidentiary hearing was held, this court would ordinarily review the evidence to determine whether it entitled the appellee to relief based upon the three requirements of *GTE*. The record before us in this appeal, however, contains no verbatim or narrative transcript of the evidence, and, accordingly, we would be compelled to indulge the presumption of regularity and affirm the trial court's vacation of the judgment.

But, due to yet another problem, this result does not obtain in this case. There is a jurisdictional problem caused by the untimeliness of this appeal. The trial court vacated the cognovit judgment on March 1, 1976, and a notice of appeal in this case was filed on June 18, 1976. This was not a timely notice of appeal under App. R. 4(A). An order vacating a judgment under Civ. R. 60(B) is a final appealable order and an appeal must be taken therefrom within 30 days under App. R. 4(A). *GTE Automatic Electric* v. *ARC Industries, supra.* Since the appellant did not institute a timely appeal, he forfeited the right to appeal the question regarding the trial court's vacation of the judgment.

This court has no jurisdiction to consider the first assignment of error because as to it the appeal was not timely filed.

The appellant's second assignment of error challenges the judgment entered against it after trial which was journalized on May 27, 1976. As to this assignment of error, the appellant's appeal was timely filed and, therefore, this court has jurisdiction to consider it.

The appellant maintains that the trial court erred in

invalidating the lease agreement based upon matters not affirmatively pleaded, matters not properly proved, and a nonexistent duty of a lessor to deliver a copy of a written lease.

The record on appeal does not include either a verbatim or narrative transcript of the evidence presented at trial relative to this assignment of error. We have only the trial court's findings of fact and conclusions of law before us. Absent a transcript or statement of the evidence introduced at trial, this court cannot look behind the court's findings of fact to determine whether they are supported by competent evidence. App. R. 9(B); see *Ostrander* v. *Parker-Fallis, supra.* We must indulge the presumption of regularity to the proceedings below and presume such evidence was introduced to support the court's findings.

With the record composed as it is, we can only determine, based upon the facts found by the court, whether the appellant established at trial the allegations of its complaint and was entitled to judgment in its favor.

The appellant in its complaint sought judgment upon a promissory note incorporated into a lease agreement and allegedly signed by the appellee. R. C. 1303.36(A) sets forth the applicable law:

"Unless specifically denied in the pleadings, each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:

"(1) the burden of establishing it is on the party claiming under the signature; but

"(2) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."

The statute provides that when the effectiveness of a signature becomes an issue in a case the burden of establishing it is on the party claiming under the signature. The signature is presumed valid, but this presumption is rebuttable and may be overcome by evidence to the contrary. If the party denying the signature introduces sufficient evidence to overcome the rebuttable presumption,

then the case is decided upon all of the evidence introduced at trial with the party claiming under the signature having the burden of establishing the effectiveness of the signature by a preponderance of the evidence as in other civil cases. Naturally, it is for the trier of the facts to determine whether the person relying on the effectiveness of the signature has satisfied his burden of proof by a preponderance of the evidence.

In the case before us, the appellee in his answer denied execution of the instrument and thus put the effectiveness of the signature at issue. The appellant, as the party claiming under the signature, therefore bore the burden of establishing the signature's effectiveness at trial, although under the statute the appellant had the benefit of a rebuttable presumption that the signature was genuine or authorized. Consequently, until evidence was introduced to rebut the presumption, the appellant was not required to prove the authenticity of the signature.

The appellant introduced in evidence the instrument under which it sought recovery and thus established a *prima facie* case. *See Petty* v. *First National Bank* (1976), 50 Ohio App. 2d 365; *Bentz* v. *Mullins* (1970), 24 Ohio App. 2d 137; *Leedy V. Ellsworth Construction Co.* (1966), 9 Ohio App. 2d 1. At this point it became the appellee's obligation as the one denying the signature to introduce evidence to show the forged or unauthorized character of the signature.

Ohio courts interpreting the application of R. C. 1303.36(A) have not heretofore addressed the question of the strength of the evidentiary showing required of the party denying the effectiveness of a signature. In search of the proper standard we note that the Committee Comment to the statute states:

"The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of the defendant or more accessible to him. He is therefore required to make some sufficient showing of the grounds for his denial before the plaintiff is put to his proof. His evidence need not be sufficient to require a

directed verdict in his favor, but it must be enough to support his denial by permitting a finding in his favor. Until he introduces such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff.''

Under the evidentiary standard suggested by the Comment, more than merely some evidence must be introduced to rebut the presumption. The evidence introduced by the party denying the signature must be sufficient to permit, yet not require, a finding in his favor. This is a fair and reasonable interpretation of the statutory language.

We conclude R. C. 1303.36(A) requires that in order to rebut the presumption of the signature's authenticity the party denying the signature must introduce evidence to support his denial which if believed would be sufficient to permit the trier of fact to make a finding in his favor. This is not to say that to overcome the presumption such party must introduce evidence sufficient to entitle him to a directed verdict. The interpretation we place on the statute does not produce an evidentiary standard markedly different from existing Ohio law generally on the quantum of evidence necessary to overcome a rebuttable presumption. See *In re Estate of Walker* (1954), 161 Ohio St. 564; *Brunny* v. *Prudential Ins. Co.* (1949), 151 Ohio St. 86; *Ginn* v. *Dolan* (1909), 81 Ohio St. 121; *cf. Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31.

To illustrate, if the party seeking to recover on an instrument places it in evidence and the adverse party introduces no evidence to rebut the presumption of validity of the signature thereto, then the party claiming under the signature will prevail. If the adverse party merely makes a general denial at trial as to the signature's validity but fails to introduce any other evidence to rebut the presumption of authenticity which attaches to the signature, then the party claiming under the signature will still prevail. However, if the party denying the signature's validity introduces evidence sufficient to overcome the rebuttable presumption of valid-

ity, then the case will be decided upon all of the evidence introduced at trial with the burden of proof being upon the party claiming under the signature to establish its effectiveness by a preponderance of the evidence.

The trial court's findings of fact disclose that appellee introduced some evidence to support his denial. Without a transcript or statement of the relevant evidence, we must presume regularity to the proceedings below and assume sufficient competent evidence was introduced to rebut the presumption of the signature's authenticity.

With the presumption of the signature's authenticity thus laid aside, the burden of establishing the signature's effectiveness by a preponderance of the evidence rested with the appellant. The trial court noted in its findings that the appellant presented no evidence—beyond introduction of the instrument—to refute the appellee's evidence. The trial court concluded that the appellee did not sign the instrument and entered judgment against the appellant on the promissory note.

In this case the effect of the trial court's judgment is that the appellant did not meet its burden of proof on the issue of the effectiveness of the signature which appeared on the instrument. Without a transcript of the actual evidence adduced at trial by the parties, this court cannot determine that the trial court's conclusion was in error, and we therefore must affirm the judgment entered below.

The second assignment of error is not well taken.

For the third assignment of error, the appellant cites, "All other errors apparent on the record." The appellant did not bring to our attention any such "other errors" and we see none. Accordingly, this assignment of error is not well taken.

*Judgment affirmed.*

STILLMAN and WASSERMAN, JJ., concur.

WASSERMAN, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.