### In the Matter of Miller
*[Cite as 8 AOA 221]*

Case No. CA-2739
Richland County, (5th)
Decided November 28, 1990

*Joseph H. Brockwell, Ohio Legal Rights Service, 8 E. Long Street, 5th Floor, Columbus, Ohio 43266-0523, for Appellant.*

*Terry A. Donner, Hahn Loeser & Parks, 800 National City East 6th Bldg., Cleveland, Ohio, 44114.*

*Taryn L. Heath, Assistant Attorney General for The State of Ohio, 110 Central Plaza S.,*

*Suite 640, Canton, OH 44702-1414, for Appellee.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas, Probate Division, of Richland County, Ohio that found respondent-appellant Kenneth W. Miller (appellant) to be a mentally ill person subject to hospitalization by court order as defined by R.C. §5122.01, and committed appellant to the Richland County Center for Individual and Family Services.

Appellant assigns six errors to the trial court:

"ASSIGNMENT OF ERROR NO. I.
"THE PROBATE COURT ERRED BY ALLOWING INTO EVIDENCE THE TESTIMONY OF APPELLANT'S PSYCHIATRIST IN VIOLATION OF THE PHYSICIAN-PATIENT PRIVILEGE SET FORTH IN R.C. 2317.02(B).

"ASSIGNMENT OF ERROR NO. II.
"APPELLANT WAS DENIED DUE PROCESS OR LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE FAILURE OF THE HEALTH AUTHORITIES, POLICE, AND PROBATE COURT TO CONFORM THEIR ACTIONS TO THE REQUIREMENTS OF THE CIVIL COMMITMENT STATUTE.

"ASSIGNMENT OF ERROR NO. III.
"THE JUDGMENT OF THE PROBATE COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

"ASSIGNMENT OF ERROR NO. IV.
"R.C. 5122.01(B) (4) IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD AND VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

"ASSIGNMENT OF ERROR NO. V.
"THE PROBATE COURT ERRED WHEN IT REQUIRED APPELLANT TO HIRE A COURT REPORTER TO MAKE A RECORD OF THE PROCEEDINGS.

"ASSIGNMENT OF ERROR NO. VI.
"THE PROBATE COURT ERRED WHEN IT DENIED PAYMENT FOR AN INDE-PENDENT EXPERT EVALUATION AND TRANSCRIPT WITHOUT CONDUCTING AN EXAMINATION AND MAKING A FINDING IN REGARD TO INDIGENCY."

I.

R.C. §2317.02(B) makes communications between physicians and their patients privileged. At the involuntary commitment hearing, the psychiatrist who had treated appellant since 1980 testified over appellant's objection that his testimony violated the physician-patient privilege.

In the case of *In re: Winstead* (1980) 67 Ohio St. 2d 111, the Court of Appeals from Summit County held that the physician-patient privilege does not apply to involuntary commitment proceedings because the privilege only applies when the patient had voluntarily sought treatment, syllabus, paragraph 2. Appellant distinguishes *Winstead* on the basis that here, the physician-patient relationship was of some ten years standing and had been entered into voluntarily. In fact, on the day appellant was taken to the hospital without his consent, he voluntarily submitted at least partially to an examination by the psychiatrist. In *Winstead,* the patient had never sought treatment by the physician who ultimately testified. We agree that *Winstead* is inapplicable here.

In our case *State v. Jackson* (January 21, 1988), Richland App. No. CA-2500, unreported; we found that counsel for Jackson opened the door for introduction of the physician's testimony by using hospital records that contained the physician's statements, *Jackson* at 7-8.

Here, the parties stipulated to the hospital records that contained the psychiatrist's notes. Appellant's expert witness relied for his testimony on those records. We find that appellant waived the physician-patient privilege.

The first assignment of error is overruled.

II.

In his second assignment of error appellant urges that the Probate Court did not require the authorities herein to follow the dictates of R.C. §5522.01 et seq. He cites three instances.

A.R.C. §5122.11 states:
"Proceedings for the hospitalization of a person pursuant to sections 5122.11 to

5122.15 of the Revised Code, except those pursuant to section 2945.40 of the Revised Code, shall be commenced by the filing of an affidavit in the manner and form prescribed by the department of mental health, by any person or persons with the court, either on reliable information or actual knowledge, which-ever is determined to be proper by the court.

"The Affidavit shall contain an allegation setting forth the specific category or categories under division (B) of section 5122.01 of the Revised Code upon which the jurisdiction of the court is based and a statement of alleged facts sufficient to indicate probable cause to believe that the person is a mentally ill person subject to hospitalization by court order. The affidavit may be accompanied, or the court may require that such affidavit be accompanied, by a certificate of psychiatrist, or a certificate signed by a licensed clinical psychologist and a certificate signed by a licensed physician stating that he has examined the person and is of the opinion that he is a mentally ill person subject to hospitalization by court order, or shall be accompanied by a written statement by the applicant, under oath, that the person has refused to submit to an examination by a psychiatrist, or by a licensed clinical psychologist and licensed physician.

"Upon receipt of the affidavit, a judge of the court or referee who is an attorney at law appointed by the court may, where he has probable cause to believe that the person named in the affidavit is a mentally ill person subject to hospitalization by court order, issue a temporary order of detention ordering any health or police officer or sheriff to take into custody and transport such person to a hospital or other place designated in section 5122.17 of the revised Code, or may set the matter for further hearing."

The affidavit here stated:

"Mr. Kenneth Miller is a thirty-eight year old caucasian, married male, admitted on an emergency basis on November 18, 1989. The patient has been progressively confused, delusional, and paranoid. His sense of reality is altered, grandiouse (sic) and at times, out of touch with reality."

Appellant asserts that these allegations are conclusory and are drawn from the treating psychologist's report. The affidavit also alleges that no psychiatric examination had been performed because appellant refused to submit to it. The affidavit was accompanied by a certificate of examination executed by appellant's psychiatrist.

In the case of *In re: Boggs*, (1990), 50 Ohio St.3d 217, our Supreme Court examined an affidavit that alleged that *Boggs* sent letters to various officials accusing her ex-husband of sexual misconduct and criminal acts. The affidavit also alleged that *Boggs* was delusional and religiously preoccupied. A copy of one of the letters that *Boggs* had allegedly mailed was attached to the affidavit. The Supreme Court found that these allegations were insufficient as a matter of law under the statute. The Supreme Court noted that the affidavit did not allege that the statements from *Boggs'* letters were false.

We find that the affidavit here contains sufficient allegations to comply with the statute. Unlike the one in *Boggs,* this affidavit states that appellant was not functioning appropriately in his surroundings. We also find that the erroneous allegation that there was no certificate of examination did not prejudice appellant in any way. The statute permits either an allegation that no examination was done, or a certificate. In fact, it appears from the record that only a partial examination was performed because appellant was unable to tolerate a complete examination.

B. R.C. §5122.10 requires that the police officer who transports a person to the hospital must give a written statement to the hospital outlining the circumstances under which the police officer took the person into custody, and why. The statement must be given to the respondent or his attorney upon demand. The record does not contain any written statement by the officers who transported appellant to Mansfield General Hospital.

We find in the transcript of proceedings that the officers who transported appellant to the hospital testified at the hearing on December 14, 1989. The court gave appellant the opportunity to cross-examine the officer, which he obviously would not have had with a written statement.

We find that the failure to comply with the statute was not prejudicial to appellant's rights of due process.

C. R.C. §5122.05 provides the hospital must notify a person involuntarily detained that he has a right:

to make a reasonable number of telephone calls to attorneys and to physicians in order to obtain assistance; to retain counsel and obtain independent evaluation of his mental condition; and to have a hearing held.

Appellant urges that the record is devoid of evidence that he was notified of his rights in a timely manner.

We have examined the record and find that while it does not demonstrate that he was immediately advised of these rights as provided in the statute, it does demonstrate that he actually exercise these rights. Accordingly, we find no prejudice.

The second assignment of error is overruled.

### III.

In civil commitment cases, the State carries the burden of proof to demonstrate by clear and convincing evidence that appellant was a mental ill person subject to hospitalization by court order, *In re: Burton* (1984), 11 Ohio St.3d 147. *Burton* sets forth a "totality of the circumstances" test to determine whether a person is subject to hospitalization under R.C. §5122.01(B). The factors included but are not limited to:

"1. Whether in the court's view the individual currently represents a substantial risk of physical harm to himself or other persons;

"2. psychiatric and medical testimony as to the present mental and physical condition of the person;

"3. whether the person has insight into his condition such that he will continue treatment as necessary;

"4. the grounds upon which the State relies for the commitment;

"5. past history which is relevant to establish the person's degree of conformity to the law, rules, regulations, and values of society;

"6. if the persons's mental illness is in remission, the court must consider the medically suggested cause and degree of the remission as well as the probability that the individual will continue treatment in order to maintain the remission should he be released from commitment."

Appellant urges that the State did not meet its burden of proving by clear and convincing evidence that appellant was a mentally ill person subject to hospitalization by court order.

We have reviewed the record and find that there was sufficient competent and credible evidence before the Probate Court from which the court could have concluded that, among other things, appellant dressed and behaved in disregard of his safety; that he refused to take his medication; and that he was suspicious of those around him and formulating a plan of revenge against those he believed to be plotting against him. Appellant's medical history indicated that his psychiatrist had been treating him for a long period of time, during which time appellant had experienced various degrees of illness and remission. His treating physician indicated that at the time of the hearing, appellant would consent to take only a portion of the medication which the psychiatrist felt would be beneficial for him. We find that the judgment of the Probate Court was not against the manifest weight of the evidence.

The third assignment of error is overruled.

### IV.

Appellant next challenges R.C. §5122.01(B) on constitutional grounds. R.C. 5122.01(B)(4) provides:

"(B) 'Mentally ill persons subject to hospitalization by court order' means a mentally ill person who, because of its illness: ... (4) would benefit from treatment in hospital for his mental illness and is need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or himself."

Appellant maintains that the above statute is unconstitutional because of overbreadth and/or vagueness.

Our analysis begins by presuming that the statute is constitutional, *Benevolent Association v. Parma* (1980), 61 Ohio St.2d 375. We must apply all reasonable presumptions, interpretations, and constructions which will render the statute constitutionally definite, *State v. Dorsa* (1983), 4 Ohio St.3d 60. We find that the statute is neither vague nor overbroad. It makes subject to hospitalization by court order only those persons who present a serious and imminent risk to themselves or to others. We find that a person of ordinary intelligence can understand this definition, and for this reason the statute is sufficiently definite to withstand constitutional challenge.

The fourth assignment of error is overruled.

## V. & VI.

Finally, appellant urges that he has had to bear the costs of a stenographer to make a record of the proceedings, and has had to pay for his independent expert and his transcript. Appellant urges that the trial court never inquired into whether appellant was indigent.

We have examined the record and find that it does not indicate that appellant ever requested a transcript at no cost. At the first hearing held November 28, 1989, the referee stated that appellant had a right to independent evaluation at his own expense, and offered to continue the hearing until one was secured. Appellant refused to waive his right to an independent evaluation and requested that the matter be continued, which it was (transcript of hearing on November 28, 1989, at p. 25). At the hearing on December 14, 1989, appellant's counsel asserted that he and the probate judge had had a telephone conference in which the judge had determined that appellant was not indigent. The hearing was held before a referee, not the judge, and appellant's counsel did not put on the record any details of the conversation that led to the court's determination that appellant was not indigent.

We find that the record does not demonstrate the errors of which appellant complains. Appellant bears the burden of insuring that the record contains evidence of any claimed error, Appellate Rule 9; *Bates & Springer. Inc. v. Stalworth* (1978), 56 Ohio App.2d 233.

The fifth and sixth assignments of error are overruled.

For the foregoing reasons, the judgment of Court of Common Pleas of Richland County, Ohio, is affirmed.

PUTMAN, P.J., and MILLIGAN, J., concur.