DECISION
Appellant, Jamie L. Brown, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a civil protection order to appellee, Amy E. Brown, that established inter alia, custody and visitation with their son, Brandon, and child support. Appellee has not filed a brief. Appellant sets forth the following assignments of error:
 I. RESPONDENT-APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BY THE ERROUNOUS [sic] ISSUANCE OF THE CIVIL PROTECTION ORDER AGAINST RESPONDENT-APPELLANT.
 II. THE TRIAL COURT'S ERROROUNOUS [sic] DENIAL OF APPELLANT'S PARENTAL RIGHT TO FULL COMPANIONSHIP AND VISITATION WITH HIS INFANT CHILD WAS A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS, AS WELL AS A VIOLATION OF THE LEGISLATURE'S INTENT REGARDING O.R.C. 3113.31.
 III. THE TRIAL COURT ERROUNOUSLY [sic] CALCULATED THE CHILD SUPPORT AWARD GRANTED IN THE C.P.O. AND ENTERED AN IMPROPER WORKSHEET INTO THE RECORD.
On May 29, 1999, appellee filed a petition for a civil protection order against appellant pursuant to R.C. 3113.31. Appellee alleged that appellant hit, choked and kicked her, attempted to force her and their son off the road, and had previously been convicted of domestic violence. The petition alleged the most recent assault against her by appellant occurred on May 8, 1999. An ex parte hearing was held June 1, 1999, and appellee was granted custody of Brandon with no visitation by appellant, appellant was ordered to vacate the marital residence and to have no contact with appellee or their son. A hearing, as required by R.C. 3113.31, was set for June 8, 1999. Appellant appeared and was granted a continuance to June 15, 1999, in order to obtain counsel. Appellant failed to appear at the June 15, 1999 hearing; the record indicates appellee and her attorney were present.
Following the hearing on June 15, 1999, the trial court granted appellee a civil protection order which provided, among other things, that appellant vacate the residence, that custody was granted to appellee with appellant granted supervised visitation, and appellant was ordered to pay $642.67 per month in child support, plus the processing charge. The order provides it is to remain in effect for one year.
Appellant's first and second assignments of error are related and will be addressed together. Appellant argues the decision of the trial court to grant a civil protection order and to award appellant only supervised visits with his son was against the weight of the evidence. Appellant also argues the court order relating to custody and visitation was permanent.
Appellant has failed to provide this court with a transcript of the proceedings as required by App.R. 9(B), or a statement of the evidence or proceedings as provided for in App.R. 9(C). The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197. In the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Bates Springer, Inc. v.Stallworth (1978), 56 Ohio App.2d 223, and Columbus v. Hodge (1987),37 Ohio App.3d 68.
The trial court, in granting the civil protection order, found the allegations in the petition to be true based on the evidence submitted to it and, in the absence of a transcript, we cannot conclude that the trial court's findings are against the weight of the evidence or an abuse of discretion. Appellant's argument that he has been permanently deprived of custody or unrestricted visits with his son is without merit as the civil protection order expires by its own terms on June 15, 2000. Therefore, appellant's first and second assignments of error are overruled.
In his third assignment of error, appellant argues that the award of child support in the amount of $642.67, plus the processing fee, is against the weight of the evidence and further that the court erred in granting support as the child support worksheet was not signed or notarized.
R.C. 3113.21.5(B)(1) provides in part:
 (B)(1) In an action in which a child support order is issued * * * under * * * 3113.31 of the Revised Code, * * * the court or [child support enforcement] agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (B) of this section, the applicable worksheet in division (E) or (F) of this section * * *.
R.C. 3113.21.5(E) provides:
 (E) When a court or child support enforcement agency calculates the amount of child support that will be required to be paid pursuant to a child support order or an administrative child support order in a proceeding in which one parent is the residential parent and legal custodian of all of the children who are the subject of the child support order or the court issues a shared parenting order, the court or child support enforcement agency shall use a worksheet that is identical in content and form to the following worksheet[.]
The statute then provides the format for a child support computation worksheet.
In Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraphs one and two of the syllabus, the Ohio Supreme Court held:
 1. A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.21.5, must actually be completed and made a part of the trial court's record.
 2. The terms of R.C. 3113.21.5 are mandatory in nature and must be followed literally and technically in all material respects.
The court further stated, at 142:
 As a threshold matter, we note that the record before us does not contain a completed child support computation worksheet. In this regard, a review of R.C. 3113.21.5 leads us to the conclusion that the statute mandates that a court "use" a worksheet identical in content and form to the R.C. 3113.21.5(E) or (F) model worksheet, and that the amount of an obligor's child support obligation must be calculated "in accordance with," and "pursuant to," the basic child support schedule and appropriate worksheet. In our judgment, these mandates very clearly indicate that a worksheet must actually be completed for the order or modification of support to be made. The responsibility to ensure that the calculation is made using the schedule and worksheet rests with the trial court. R.C. 3113.21.5(B)(1) provides that the court, in performing its duties under the statute, is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding. As R.C. 3113.21.5 requires the applicable worksheet to be completed, there is every reason to require that the trial court include that document in the record. Only in this fashion can appellate courts be assured that the literal requirements of R.C. 3113.21.5 have been followed, and that an order or modification of support is subject to meaningful appellate review.
 Accordingly, we hold that a child support computation worksheet required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.21.5 must actually be completed and made a part of the trial court's record. Here, if the applicable worksheet was completed, it was not included in the record and, thus, we are left to speculate as to how the court determined that $300 was the appropriate amount of child support.
In this case, a completed child support worksheet is part of the record and the amount of child support due based on income for appellant in the amount of $32,000, and for appellee in the amount of $20,000, was calculated at $642.67. Appellant argues, in his brief, that his income is $21,000, and that there is no evidence in the record to support the income amounts used by the trial court. As discussed in the first and second assignments of error, appellant has failed to provide a transcript for this court to review and the decision of the trial court must be presumed to be correct. Further, the record does include a W-2 for appellant showing his income in 1998 to be $32,000.
The statutory form for the child support worksheet does include lines for notarized signatures of the parties to indicate whether they consent or disagree with the amounts set forth. The worksheet completed by the court in this case is not signed by either party.
In support of his argument that failure to have the worksheet signed and notarized renders the trial court's decision void, appellant relies on Kelly-Doley v. Doley (1999), Lake App. No. 96-L-217, unreported. In Kelly-Doley, a divided court found that the failure to have the worksheet prepared by one of the parties signed and notarized required reversal. In reaching its decision, the court relied on McCoy v. McCoy (1995), 105 Ohio App.3d 651.
The court in McCoy stated that, in adopting a worksheet submitted by the parties, the worksheet must be signed and notarized by both parties. In McCoy, there was no worksheet in the record but, nonetheless, the court found the omission harmless as there was evidence in the record to support the amount of child support ordered and meaningful appellate review was possible. The holding in Kelly-Doley and McCoy is limited to those cases wherein the court or magistrate adopts the parties' worksheet, rather than preparing its own. There is no indication in this record that the trial court did anything other than complete its own worksheet as required by statute and, therefore, neither Kelly-Doley nor McCoy
would be applicable. Likewise, in Halley v. Ashley (1997), Summit App. No. 18232, unreported, the Ninth District reversed an award of child support granted as part of a civil protection order because there was no worksheet in the record, not because of a lack of notarized signatures to the worksheet.
In Stewart v. Stewart (1998), Montgomery App. No. 16649, unreported, the Second District held that neither R.C. 3113.21.5 nor Marker required the parties' notarized signatures to be affixed to the child support guidelines worksheet. The court stated:
 * * * Admittedly, the worksheet does contain signature lines for each party and lines for the notarization of each party's signature. We find nothing in the statute, however, requiring a party to sign the worksheet. * * *
 Similarly, nothing in Marker, supra, mandates that both parties must sign and notarize a worksheet before the trial court may adopt it. Contrary to the Fourth District's holding, the cited portion of Marker imposes no such requirement. The Marker court held that the trial court must "use" the worksheet and that support must be calculated "in accordance with" the worksheet. The court also noted that "[t]he responsibility to ensure that the calculation is made using the schedule and worksheet rests with the trial court." Furthermore, the Marker court itself noted that a trial court "is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding." * * *
In this case, there is a completed worksheet in the record, albeit not signed by the parties. While the absence of a notarized signature on the child support guidelines worksheet might alert the trial court to contested issues as to the calculations made, it does not render the trial court's decision void. In Marker, the court held that the requirements of R.C. 3113.21.5 must be followed in all material respects. The import ofMarker is that a requirement that a completed worksheet be included in the record insures that evidence of the calculations used by the trial court are part of the record in order to provide meaningful appellate review of the amount of support awarded. The lack of a notarized signature to the worksheet does not preclude an appellate court from reviewing the trial court's decision as to the amount of support ordered. To conclude that a signature was mandatory could have the result of depriving children of needed support where one party willfully refuses to sign the worksheet, or where, as in this instance, appellant failed to sign the worksheet as a result of failing to appear at the hearing. Therefore, appellant's third assignment of error is overruled.
For the foregoing reasons, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK and BRYANT, JJ., concur.