JOURNAL ENTRY AND OPINION
Appellants ACME Cleveland Corporation, et. al. ("Acme") appeal the decision of the trial court to preclude their proposed jury instruction as to the definition of the word "injury."
This action is a Workers' Compensation claim which arose out of an industrial injury which occurred while appellee George Latimore ("Latimore") was performing his job at Acme. Latimore was attempting to fix a machine when he pulled up forcibly and felt a sudden sharp pain and pulling in his lower back.
Latimore's claim was originally allowed for "lumbosacral region-pain in both hips." On November 11, 1996, Latimore filed a C-86 Motion for an additional condition of "midline disc protrusion of L4-5." This motion was denied by the Industrial Commission. The order stated, "[t]he 12/24/1985 report of Dr. Zaas attributes the low back L4-5 bulge to degeneration." Latimore appealed this decision to the Cuyahoga County Court of Common Pleas. Latimore amended his claim to include an additional condition of "herniated disc at L4-5."
The matter came on for trial on February 9, 1999. Latimore presented his own testimony as well as the testimony of Dr. Zaas by video. Acme presented the taped testimony of Dr. Hawes. Hawes allegedly testified that Latimore's injury was not caused by the August 31, 1981, accident where he pulled up forcibly but rather was the result of a degenerative condition. After all the testimony was presented, the jury was charged. Acme requested the jury be charged that pursuant to R.C. 4123.01, the term "injury" did not include a disability caused primarily by natural deterioration. The trial court refused to instruct the jury with Acme's proposed charge. Subsequently, the jury returned a verdict for Latimore.
Acme then filed a motion for new trial arguing the jury should have been charged that the word "injury" as defined in R.C.4123.01(C)(2) did not include an "injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body." On February 26, 1999, the trial court denied Acme's motion for a new trial. Acme filed a timely notice of appeal from the denial of its motion for a new trial and now presents a single assignment of error.
Acme's first assignment of error states as follows:
 WHETHER OR NOT IT WAS ERROR FOR THE TRIAL COURT TO REFUSE TO INSTRUCT THE JURY, AS REQUESTED BY APPELLANT, THE DEFINITION OF INJURY AS SET FORTH IN R.C. 4123.10
EXCLUDES DISABILITIES CAUSED PRIMARILY BY NATURAL DETERIORATION.
Acme states its expert testified that Latimore's herniation arose as a result of natural deterioration of the disc; i.e., degenerative disease. As a result of the admission of this testimony, Acme claims the trial court should have instructed the jury with the definition of injury as defined in R.C. 4123.01(C) and (C)(2) which states an "injury" does not include "injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body." Acme argues the omission of this instruction was either an "irregularity" or an abuse of discretion which prevented it from receiving a fair trial. Moreover, Acme contends its proposed instruction as to "injury" has special meaning because it is a technical or legal term and thus should have been defined by the trial court so as to be understood by the average juror. Because of this claimed error by the trial court, Acme argues its motion for a new trial should have been granted.
Latimore claims that Acme's argument that its proposed jury instruction should have been presented to the jury is immaterial to the present case. He argues Acme raised this defense in its answer but has not offered any evidence to this court to support the theory of natural deterioration. Consequently, Latimore contends the trial court's instruction was proper and not an abuse of discretion.
App.R. 9(B) requires the appellant to order from the reporter "a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." The duty is always necessary for inclusion in the record * * *." The duty is always on the appellant to include those portions of the record that will demonstrate the claimed error. Bates Springer, Inc. v.Stallworth (1978), 56 Ohio App.2d 223, 229.
Acme has failed to file a transcript of the proceedings and more importantly has failed to submit a transcript or videotape of Dr. Hawes' testimony. Acme claims, based on Hawes' testimony, that Latimore's injury was a degenerative condition, but fails to substantiate this position with any evidence. As a result, we are unable to verify whether its proposed jury instruction was applicable to the issues and evidence in the case.
Pursuant to Acme's failure to adhere to App.R. 9(B), we must affirm the decision of the trial court in denying Acme's motion for a new trial. Accordingly, Acme's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., PATRICIA A. BLACKMON, J., CONCUR.
 _________________________________ PRESIDING JUDGE, JOHN T. PATTON