DECISION AND JUDGMENT ENTRY
Appellant, Michael O. Gahagan, appeals from the judgment of the Norwalk Municipal Court which, after a bench trial, found appellant guilty of one count of domestic violence, a violation of R.C.2919.25. Appellant raises the following assignment of error:
 "THE FINDING OF GUILT IN VIOLATION OF R.C. 2919.25(A) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his sole assignment of error, appellant argues that the jury's verdict is against the manifest weight of the evidence. While appellant characterizes the assignment of error as against the manifest weight of the evidence, we note that when the court must determine whether the evidence is legally sufficient to support all the elements of the offense, the question is one of sufficiency of evidence. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-387.
The Ohio Supreme Court has set forth this court's standard of review as to the sufficiency of evidence:
 "An appellate court's function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.) State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2919.25 provides, in part:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
"* * *.
"(E) As used in this section * * *:
 "(1) `Family or household member' means any of the following:
 "(a) Any of the following who is residing or has resided with the offender:
 "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, of another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender."
Appellant, in his assignment or error, argues that the trial court failed to prove that the complainant was a "family or household member," as required under the statute, at the time of the alleged incident. Relevant to the assigned error, at the October 5, 1999 bench trial the following evidence was presented:
"Q: How do you know the defendant?
"A: I live with him.
 "Q: Were you living with him at — on September 13, 1999?
"A: (inaudible).
"Q: Okay, where were you living?
"A: (inaudible).
"Q: Here in the city of Norwalk in Huron County?
"A: Yes."
Upon review of the entire transcript, we find it replete with inaudible portions. While the omissions may not be attributed to any action or inaction of appellant, he is still required, pursuant to App.R. 9(B) to present the court with a record of all the facts necessary to support his assignment of error. Regarding this burden, the Tenth Appellate District has stated:
 "The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. * * *; see, also, Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 474 N.E.2d 621, * * *. In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 382 N.E.2d 1179, * * *; see, also, App.R. 9(B)." (Parallel citations omitted.) Columbus v. Hodge (1987), 37 Ohio App.3d 68, 68-69
Further, if the transcript of the proceedings is incomplete or inaudible, appellant is required, under App.R. 9(C), to prepare a statement of the evidence.
In the instant case, appellant claims that the record is devoid of evidence that the complainant was a "household member" as required under R.C. 2919.25. However, because relevant testimony is omitted from the record and appellant failed to provide this court with a statement of the evidence, we must presume that the trial court properly determined that the complainant was a "household member" as required under the statute. Knapp, supra. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.