DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, following a jury trial, in which appellant, Albert Durham, was found guilty of two counts of trafficking in drugs, i.e., cocaine, in the vicinity of a school, in violation of R.C. 2925.03(A)(1) and (C)(4)(b). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellant was indicted by the Huron County Grand Jury on two counts of selling or offering to sell crack cocaine in the vicinity of a school on February 23, 2001. On October 3, 2001, following a jury trial, appellant was found guilty of both charges. Appellant filed a motion for a new trial, which the trial court denied on November 16, 2001. On November 28, 2001, appellant was sentenced to serve 120 days in the Huron County Jail and was placed under community control for three years.
 {¶ 3} Appellant now appeals that judgment and sets forth the following assignment of error:
 {¶ 4} "Assignment of error no. 1
 {¶ 5} "The trial court erred by announcing that the witness denied he had a past criminal record when that record was given to the defense by the state and [by] not granting a new trial pursuant to CR. 33 [sic]."
 {¶ 6} We note at the outset that appellant initially ordered a transcript of the proceedings in the trial court at the time the appeal was filed. However, appellant ultimately failed to provide this court with a copy of the transcript for appellate review.
 {¶ 7} App.R. 9(B) states, in relevant part:
 {¶ 8} "At the time of filing the notice of appeal the appellant, in writing, shall order form the reporter a complete transcript * * * of the proceedings * * * as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk * * *."
 {¶ 9} In Columbus v. Hodge (1987), 37 Ohio App.3d 68, 68-69, the Tenth Appellate District stated:
 {¶ 10} "The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. Id., citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. * * *; see, also, Tyrrell v. Investment Assoc., Inc.
(1984), 16 Ohio App.3d 47 * * *. In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Bates Springer, Inc. v.Stallworth (1978), 56 Ohio App.2d 223 * * *; see, also, App.R. 9(B)." (Parallel citations omitted.)
 {¶ 11} Because appellant failed to provide this court with a copy of the transcript, appellant is unable to demonstrate what, if any, errors occurred in the proceeding below. Accordingly, we must presume the validity of that proceeding and affirm the judgment of the trial court. Appellant's assignment of error is not well-taken.
 {¶ 12} The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.