OPINION
{¶ 1} On April 23, 1998, appellee, David Brode, filed a complaint for quiet title against appellants, his mother, Nola Brode, and his brother, James Brode. Appellee asserted he was the owner of certain real estate located in Fairfield County, Ohio.
 {¶ 2} On June 2, 1998, appellee filed a motion for default judgment as appellants failed to answer. By judgment entry filed same date, the trial court granted the motion, giving appellee title to the subject property.
 {¶ 3} On January 7, 2005, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B). By entry filed May 19, 2005, the trial court denied said motion without holding an evidentiary hearing.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN THE TRIAL COURT DENIED THE DEFENDANT-APPELLANTS' MOTION TO VACATE JUDGMENT."
 I {¶ 6} Appellants claim the trial court erred in denying their motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 7} Civ.R. 60(B) states the following:
 {¶ 8} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 9} To grant or deny a motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} In their Civ.R. 60(B) motion filed January 7, 2005, appellants based their request for relief upon subsections (1), "mistake, inadvertence, surprise or excusable neglect," (3), "fraud, misrepresentation or other misconduct of an adverse party," and (5), "any other reason justifying relief from the judgment."
 {¶ 12} Pursuant to Civ.R. 60(B) and GTE Automatic, any arguments under subsections (1) and (3) are untimely as the motion for relief from judgment was filed well over one year from the judgment. That leaves subsection (5), "the catch-all provision." In its judgment entry filed May 19, 2005, the trial court determined the motion was not made within a reasonable time. Specifically, the trial court stated appellants "offered no explanation for the six years, seven month lapse between the Default Judgment entered against them and the present Motion to Vacate."
 {¶ 13} A review of the motion for relief from judgment demonstrates appellants did not provide the trial court with any affidavits or evidentiary quality materials in support of their arguments. Appellants failed to present "allegations of operative facts" to demonstrate that they were filing their motion "within a reasonable period of time." Adomeit v. Baltimore (1974),39 Ohio App.2d 97.
 {¶ 14} We find in the consideration of the Civ.R. 60(B) motion, the trial court was not required to conduct an evidentiary hearing. Appellants did not present any operative facts or evidentiary quality affidavits to demonstrate relief was warranted. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18;Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223; Cogswell v. Cardio Clinic of Stark County, Inc. (October 21, 1991), Stark App. No. CA-8553.
 {¶ 15} Upon review, we find the trial court did not err in denying appellants' Civ.R. 60(B) motion for relief from judgment.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.