HORNYAK, APPELLANT, *v.* BROOKS, APPELLEE.

(No. 47019—Decided April 23, 1984.)

*Messrs. Miller, Stillman & Bartel* and *Mr. Edward I. Stillman,* for appellant Richard Hornyak.

*Messrs. McNeal, Schick, Archibald & Biro* and *Mr. Thomas Schick,* for appellee Pervis Brooks.

MARKUS, J. Plaintiff appeals from an order denying his motion to vacate an agreed judgment, which the court had entered approximately thirteen months earlier. The trial court had discretion to deny that motion without a further evidentiary hearing, so we affirm.

Plaintiff's complaint sought $200,000 damages for personal injuries in a motor vehicle collision almost two years earlier between his car and defendant's car. The trial court's file contains no information about the nature of that collision or any claimed injuries, beyond minimal allegations in plaintiff's complaint.[1] Ten months after plaintiff filed his complaint, when the court scheduled the case for trial, the two parties apparently reached an agreed settlement. Accordingly, the court entered its judgment on February 8, 1982, directing

---

[1] The court conducted no evidentiary hearing on plaintiff's motion for relief from judgment. However, the parties have provided this court with an agreed statement as part of the record on appeal pursuant to App. R. 9(D). Since the agreed statement does not purport to describe evidence available to the trial judge when he ruled, it has dubious significance here. In any event, the information contained in the agreed statement is completely consistent with the facts relied upon for this decision.

that the case was settled and dismissed with prejudice at defendant's costs.

On February 18, 1983, plaintiff filed a motion for relief from that judgment pursuant to Civ. R. 60(B). The only evidentiary material which plaintiff's counsel supplied to support his motion was plaintiff's affidavit. The relevant portions of that affidavit state:

"The said Judgment should not have been entered as the parties hereto had tentatively agreed to a compromise and settlement of this matter, whereby Defendant delivered to Plaintiff a 'Receipt and Release and Covenant Not to Sue';

"Plaintiff never executed said Receipt and Release nor did Plaintiff accept the tendered settlement in this matter in the amount of Nine Thousand Dollars ($9,000.00);

"Plaintiff has required and received extensive medical and surgical care since the date of the proposed settlement, all as a result of the accident.

"The Judgment Entry mentioned hereinabove, if not vacated, will cause Plaintiff undue prejudice and harm, precluding him from a proper recovery."

Plaintiff's sole assigned error asserts:

"The trial court erred in failing to grant appellant's motion for relief from judgment pursuant to Rule 60(B)(5) of the Ohio Rules of Civil Procedure where it was shown that the judgment entered below was erroneous and not supported by the true actions and intentions of the parties."

The requirements for a motion seeking relief from judgment are set forth in paragraph two of the syllabus of *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]:

"To prevail on a motion brought under Civ. R. 60(B) the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The trial court has discretion in ruling on such a motion. Unless the movant's affidavit or other evidentiary materials demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. *Tom McSteen Co.* v. *Thomas Maloney, Inc.* (1974), 39 Ohio App. 2d 31 [68 O.O.2d 173]; *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223 [10 O.O.3d 227]. The evidentiary materials must present "operative facts" and not mere general allegations to justify relief. *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216 [13 O.O.3d 234]; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, at 105 [68 O.O.2d 251].

In this case, plaintiff sought relief from the previously entered agreed judgment pursuant to Civ. R. 60(B)(5): "any other reason justifying relief from the judgment." However, plaintiff's affidavit and his counsel's brief recite facts which justify relief for "mistake, inadvertence, surprise or excusable neglect," if they justify relief at all. Civ. R. 60(B)(1); cf. *Sloan* v. *Standard Oil Co.* (1964), 177 Ohio St. 149 [29 O.O.2d 355]. There is some doubt whether the asserted facts justify relief from the agreed judgment. Cf. *Willis* v. *Mickey's Bi-Rite* (Jan. 29, 1981), Cuyahoga App. No. 42425, unreported.

In those circumstances, the court had no authority to consider the motion as complying with Civ. R. 60(B)(5). That "catchall" provision cannot be used as a substitute for another ground specified in Civ. R. 60(B). *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, 66; *Adomeit* v. *Baltimore, supra; Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187, 193 [59 O.O.2d 309].

Plaintiff failed to supply any evidentiary material which demonstrated that he filed his motion within the time allowed. On its face, the motion shows that it was filed more than one year after the judgment he seeks to vacate. As a motion under Civ. R. 60(B)(1), his request was then absolutely barred. Even if he asserted grounds cognizable under Civ. R. 60(B)(5), he failed to show it was filed within a reasonable time after he discovered his error. Cf. *Mount Olive Baptist Church* v. *Pipkins Paints* (1979), 64 Ohio App. 2d 285, 289 [18 O.O.3d 319] (motion under Civ. R. 60[B][5] filed seven months after notice of the action and four months after default entry is not filed "within a reasonable time").

Additionally, the plaintiff supplied no evidentiary material to demonstrate the validity of his underlying claim. His original pleading will not suffice for that purpose. *Adomeit* v. *Baltimore, supra*, at 105; *East Ohio Gas Co.* v. *Walker, supra*, at 221; *Bates & Springer* v. *Stallworth, supra*, at 228.

Therefore, the court did not err by denying his motion for relief from the settlement judgment without an evidentiary hearing. Plaintiff's assigned error lacks merit. The trial court's judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. I must respectfully dissent from the position reached by the majority concerning appellant's failure to adequately meet the requirements of a Civ. R. 60(B)(5) motion, thereby entitling him to the relief from judgment sought. It is my considered opinion, as will be discussed more fully below, that the appellant supplied the trial court with sufficient evidentiary material containing "operative facts" justifying appellant's Civ. R. 60(B) relief, and, further, that appellant's motion was timely and demonstrated a valid claim. At minimum, under the well established holding in *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251],[2] the trial court abused its discretion in failing to afford appellant an evidentiary hearing on his Civ. R. 60(B)(5) motion prior to denying the same.

On April 23, 1981 appellant initiated an action for personal injuries against appellee, Pervis Brooks, grounded upon a theory of negligence. Between January 27, 1982 and February 3, 1982 settlement negotiations for this action were undertaken by the respective parties which culminated in an agreed settlement of $9,000 to be paid to appellant. A journal entry reflecting that this action was settled and dismissed was filed by the trial court on February 8, 1982. On that same day a receipt and release and covenant not to sue, and a check for $9,000, were delivered to the appellant.

Upon receipt of the settlement check and accompanying release, ap-

---

[2] This holding provides in pertinent part:

"4. If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.

"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court may grant a hearing to take evidence and verify the facts before it rules on the motion. This is proper and is not an abuse of discretion. *If, under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion, its failure to grant a hearing is an abuse of discretion.*" (Emphasis added.)

pellant informed the appellee that further medical treatment would be required by him, such fact not being known to either party at the time of reaching the settlement agreement. Appellant therefore refused to negotiate the settlement check or execute appellee's forwarded release.

Thereafter, on February 18, 1983, appellant sought relief from the trial court's February 8, 1982 dismissal of appellant's action, pursuant to Civ. R. 60(B)(5). Attached to such motion was an affidavit executed by the appellant, which substantiated appellant's claim that the contested settlement agreement was negotiated without appellant being aware of his continuing need for medical treatment and ensuing medical expenses. It was therefore appellant's contention that he would be greatly prejudiced by the trial court's refusal to grant his motion for relief from the February 8, 1982 judgment. On May 9, 1983 appellant's motion was denied and this instant appeal ensued.

Review of the trial court record indicates that appellant sought relief from judgment predicated upon Civ. R. 60(B)(5):

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

This provision is often referred to as the "catchall" provision, as its terms broadly encompass *any other reason* justifying relief from the judgment. In actuality, however, a Civ. R. 60(B)(5) motion is to be granted only in extraordinary situations where the interest of justice calls for it. *Adomeit* v. *Baltimore, supra; Mount Olive Baptist Church* v.

*Pipkins Paints* (1979), 64 Ohio App. 2d 285 [18 O.O.3d 319].

The rationale for requiring an extraordinary necessity or circumstance to entitle a party to relief from the trial court's judgment is that there must be finality in every case, so that an entered judgment not be disturbed. Civ. R. 60(B) is an exception to this "finality of judgment" rule. It is grounded upon the court's understanding that in certain instances, an unfairness or injustice would result due to events and circumstances unknown to the trial court at the time of entering the final judgment. It therefore provides that upon a showing of the proper circumstances resulting in such unfairness or injustice, judgments may be vacated and set aside so that a party may have his day in court.

To obtain relief under Civ. R. 60(B), the movant is required to file a motion as provided under Civ. R. 7(B). He may also file a brief or memorandum of fact and law and affidavits, depositions, answers to interrogatories, exhibits, and any other relevant material, but the material submitted must contain operative facts which demonstrate three things: (1) the timeliness of the motion; (2) the reason for seeking relief; and (3) the existence of a valid claim or defense. *Adomeit* v. *Baltimore, supra.*

As to a person opposing the motion for relief from judgment, he should at least file a brief in opposition and some factual material in testimonial form, such as affidavits, depositions, interrogatories, exhibits, and any other material which will support him. *Adomeit* v. *Baltimore, supra.* "If the material submitted by the parties *in support of and in opposition to the motion clearly establishes* that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of Civ. R. 60(B)(1) through (5), and has a defense [or valid claim to pursue], the trial court should grant the motion for relief from judg-

ment and overruling the motion * * * [is] an abuse of discretion." (Emphasis in original.) *Id.* at 104.

In applying the above requirements to the instant action, it should be noted that appellant filed both a brief and affidavit attached to his Civ. R. 60(B)(5) motion. In these attachments, appellant states that he had authorized his attorney to negotiate and accept a settlement offer with defendant, to compensate him for his injuries sustained. His attorney therefore performed such negotiations and accepted on behalf of appellant a settlement offer of $9,000. The status of these negotiations and ensuing offer and agreement were conveyed to the trial court by the appellant's attorney.

During the course of such settlement negotiations, however, appellant learned of his continuing need for medical treatment. Upon receipt of the settlement agreement reached between defendant and his attorney, appellant immediately informed the respective parties of his continuing need for medical treatment, repudiated the settlement agreement, and refused to negotiate the settlement check or execute the submitted release agreement.

Appellant stated that he did in fact enter the hospital and receive additional surgeries, medical care, and psychological treatment, and that such additional treatment continues to the present time. Appellant also informed the trial court that he regarded such settlement negotiations and offer as only tentative, and that as a result of such additional medical treatments and ensuing additional medical expenses, he would be greatly prejudiced if his motion for relief from judgment were not granted. Appellant further stated that he did not file his motion for relief from judgment until a little over twelve months had passed from the trial court's entry of the February 8, 1982 judgment, due to his continued medical and emotional prob-

lems stemming from the injuries sustained.

In response to appellant's motion, appellee filed an opposing brief. However, appellee failed to support such brief by an affidavit or other testimonial evidence.

It is clearly apparent in review of the foregoing that appellant alleged sufficient operative facts entitling him to relief from judgment under the provisions of Civ. R. 60(B)(5). Further, appellant clearly established, in light of his medical and emotional problems, that the filing of such motion less than thirteen months after the trial court's entry of the February 8, 1982 final judgment was reasonable under the circumstances.

Having met the first two criteria required to obtain relief from a final judgment, *i.e.,* timeliness of the motion and a valid ground for relief, the remaining criterion to determine is whether appellant maintained a valid claim. Review of the record discloses that appellant instituted an action, grounded upon a theory of negligence, for recovery on personal injuries sustained as a result of appellee's conduct. The record also discloses that settlement negotiations were undertaken by the respective parties, and an offer of $9,000 was made by appellee for the full settlement of appellant's claims. Contrary to the majority opinion as to whether a valid claim had been raised, in view of this record, *i.e.,* the original pleadings and submitted affidavit and brief by appellant, see *Bozo* v. *Clair* (March 29, 1979), Cuyahoga App. No. 38615, unreported, the existence of a valid claim had more than adequately been established. Appellant therefore satisfied the three-prong test necessary to obtain relief from judgment, and at minimum the trial court erred in denying the appellant's motion for relief from judgment without first providing appellant an evidentiary hearing on this matter.

110

In so concluding, however, I recognize that this court has found that in circumstances in which a party has accepted the terms of a settlement agreement and the respective parties file a stipulation for dismissal of the action, a movant is not entitled to relief from such judgment merely because second doubts have arisen. See *Willis* v. *Mickey's Bi-Rite* (Jan. 29, 1981), Cuyahoga App. No. 42425, unreported. That situation is distinguishable from the present action upon the following grounds: (1) in the instant case, appellant regarded the settlement as tentative; (2) appellant discovered his need for continuing medical treatment at the time such settlement was made and immediately repudiated any agreement reached; and (3) appellant would be unduly prejudiced by a possibly insufficient recovery due to his continued medical treatment.

The situation involved in this action is not one in which a complaining party has second doubts about the "best" deal possible; it is a situation in which the terms of the settlement agreement have been clouded by the existence of continuing, originally not accounted for, expenses. Under such circumstances, recovery should not be limited to an agreement reached when appellant was not fully informed as to the extent of injuries or damages involved.

In light of the foregoing discussion, while I fully note that it is discretionary with the trial court whether the motion will be granted, and, in the absence of a clear showing of an abuse of discretion, that the decision of the trial court will not be disturbed on appeal, *Adomeit* v. *Baltimore, supra,* under the facts and circumstances of this particular action, it clearly appears that appellant was subject to a great injustice by the trial court's failure to, at minimum, provide appellant with a hearing on his Civ. R. 60(B)(5) motion. I therefore respectfully dissent.