CONLEY, Appellee,

v.

CONLEY, Appellant.

[Cite as *Conley v. Conley* (1992), 81 Ohio App.3d 725.]

Court of Appeals of Ohio,
Summit County.

No. 15410.

Decided July 8, 1992.

**726**

*Arthur Axner,* for appellee.

*Edward C. Pullekins,* for appellant.

CACIOPPO, Presiding Judge.

The appellant, Kenneth L. Conley, appeals from the trial court's denial of his motion to vacate. Conley filed the motion to vacate pursuant to Civ.R. 60(B)(2), asserting that newly discovered evidence had become available indi-

cating that his ex-wife had lived in a state of concubinage, thereby relieving him from obligations resulting from a separation agreement, from which the trial court had found him in arrears.

The trial court denied Conley's motion, holding that the subject evidence was "not newly discovered evidence which could not have been reasonably discovered * * *."

### Assignments of Error

"I. The trial court erred to the prejudice of the defendant-appellant in deciding the motion for relief without conducting a hearing as requested by defendant-appellant.

"II. The trial court erred to the prejudice of the defendant-appellant by denying the motion for relief pursuant to Rule 60B and for a hearing on the matter, said being contrary to the manifest weight of the evidence and contrary to law."

Conley's motion to vacate asserted that he had just discovered that his wife lived in a state of concubinage during the period of his support obligation, and contained an affidavit of the child of the marriage asserting that his mother had lived in a state of concubinage.

To reverse the denial of a motion for relief under Civ.R. 60(B), an appellate court must find that the trial court abused its discretion and "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

A review of the motion to vacate and the response of the appellee does not satisfy this court that Conley's claim had merit or that he was entitled to relief under Civ.R. 60(B)(2). Conley's motion to vacate merely contained unsupported assertions that the evidence concerning concubinage was newly discovered. While the affidavit of the child of the marriage attempts to support the fact that a state of concubinage existed, there is nothing in the motion or the affidavit to support the fact that the subject evidence was newly discovered and could not have been discovered through reasonable diligence prior to the court's previous judgment. Accordingly, we cannot find that the court's denial of the motion evidenced an unreasonable, arbitrary or unconscionable attitude on the trial court's behalf and, thus, do not believe that the

trial court abused its discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Furthermore, we find Conley's assertion that the trial court erred in failing to hold a hearing to be without merit. Unless the movant's affidavit or other evidentiary materials demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 106, 16 OBR 111, 112, 474 N.E.2d 676, 677. If the movant's motion contains allegations of operative facts warranting relief, the court should grant a hearing and take evidence to discredit or verify these facts before ruling on the motion to vacate. *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 294, 27 OBR 338, 338, 500 N.E.2d 924, 925. As stated, Conley's motion failed to go beyond unsupported allegations that concubinage existed and that it was newly discovered, while the attached affidavit solely addressed the existence of the concubinage. Based upon the materials submitted to the trial court, we do not believe that the trial court abused its discretion.

The assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.