OPINION
Appellant James Middleton is appealing the decision of the Stark County Court of Common Pleas denying him relief from judgment under Civ.R. 60 (B).
On June 22, 1996, Appellant James Middleton was involved in a one car accident. At the time of the accident, Appellee Michelle Donovan was a passenger in appellant's vehicle. Appellee filed a complaint against appellant on January 23, 1997. On this date, a copy of the complaint was mailed to appellant's residence by certified mail. In addition, appellant's counsel also delivered a copy of the complaint to appellant's insurance carrier. On February 1, 1997, an adult resident where appellant resided, by the name of Joyce Melert, signed for the certified mail. However, as of March 7, 1997, appellant had not filed an answer and on this date, appellee filed a motion for default judgment. On April 16, 1997, following a damages hearing which appellant did not attend, the trial court issued a judgment entry awarding appellee damages in the amount of $30,000.
Appellant alleges that the judgment entry awarding damages was the first notice he had of the pending lawsuit against him. On April 30, 1997, appellant filed a motion for relief from judgment pursuant to Civ.R. 60 (B). The trial court denied appellant's motion, without a hearing, on May 21, 1997. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR AN ORAL HEARING.
 I
Appellant contends, in his sole assignment of error, that he has a meritorious defense to present if Civ.R. 60 (B) relief is granted and his failure to file an answer in this matter is due to excusable neglect under Civ.R. 60 (B) (1) because he did not receive service of process. Appellant also maintains that, at a minimum, the trial court should have conducted an evidentiary hearing to determine whether he actually did receive service of process. We disagree.
A motion for relief from judgment under Civ.R. 60 (B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. In order to prevail on a motion brought pursuant to Civ.R. 60 (B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105.
We find that appellant cannot establish that he is entitled to relief under either Civ.R. 60 (B) (1) or (5). Appellant's conduct in this matter is not excusable neglect. The Ohio Supreme Court defined the term "excusable neglect" in the negative in the case of Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. The Court stated as follows:
 The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 153, * * * Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21, * * * at fn. 4.
Appellant's inaction in this matter was a complete disregard for the judicial system. Appellant was properly served with a copy of the complaint when Joyce Melert signed for the certified mail on February 1, 1997. The 1980 amendment to Civ.R. 4.1 (1) makes it clear that a person other than the addressee may sign the return receipt for effective certified mail service. However, even though a person other than the addressee may sign the return receipt, service of process will be effective and constitutionally sound only if such service in the particular case is reasonably calculated to reach interested parties. Civ.R. 4.1 (1), Editor's Note: 7-1-80 Amendment.
In the case of Fancher v. Fancher (1982), 8 Ohio App.3d 79,81, the court held that certified mail service is valid where it is served on someone other than the defendant, at the defendant's address. Appellant makes no contention that by Joyce Melert signing for the certified mail, it was reasonably calculated that she would not inform him of the letter. Nor does appellant argue that he did not live at the address where appellee sent the complaint by certified mail.
Further, appellant did not appear for the damages hearing in this matter, even though the record clearly indicates that he was notified of the date and time of the hearing. Judgment Entry, March 17, 1997. It was not until over one month after the default judgment was granted and approximately one week after the judgment entry awarding damages was filed that appellant filed his motion for relief from judgment. Based upon the conduct of appellant, we find he is not entitled to relief under Civ.R. 60 (B) (1). Appellant also is not entitled to relief from judgment under Civ.R. 60 (B) (5) as he has not set forth any other reasons justifying relief.
Further, appellant was not entitled to an evidentiary hearing. In order to be entitled to an evidentiary hearing on a motion for relief from judgment, the movant must present evidence of operative facts which would warrant relief under Civ.R. 60 (B).Hornyak v. Brooks (1984), 16 Ohio App.3d 105, 106. Because appellant's motion for relief from judgment was based upon the fact that he did not receive proper service of the complaint and the record clearly demonstrates that he did receive proper service under Civ.R. 4.1 (1), the trial court had before it no operative facts entitling appellant to an evidentiary hearing. As such, the trial court did not abuse its discretion when it denied appellant his request for a hearing.
The trial court properly denied appellant relief from judgment since appellant cannot establish that he was entitled to relief under either Civ.R. 60 (B) (1) or (5).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., concurs.
Hoffman, J., dissents.