OPINION
Plaintiff-appellant Melissa Crafton appeals from a judgment dismissing her cause of action, and also from an order denying her motion for relief from that judgment. Although we conclude that the trial court should have vacated its prior order reinstating Crafton's cause of action, leaving standing its prior order of dismissal for want of prosecution, by instead dismissing Crafton's cause of action yet again, the trial court put her in no worse position, so that she was not prejudiced by the trial court's error.
With respect to the trial court's denial of Crafton's motion for relief from judgment, directed to the order dismissing her cause of action, we conclude that the trial court correctly denied the motion, albeit for an incorrect reason, because we conclude that Crafton's motion for relief from judgment was not timely filed.
Because we find both of Crafton's assignments of error to be without merit, the judgment of the trial court is Affirmed.
 I
In 1994, Crafton was allegedly injured as a result of burns she received from a soap manufactured by defendant-appellee Chemstation International, Inc. Exactly two years thereafter, on October 16, 1996, Crafton brought an action against Chemstation. In July, 1997, Crafton voluntarily dismissed her cause of action.
In October, 1997, Crafton filed a new complaint against Chemstation, setting forth the same cause of action. Apparently Crafton, who had obtained service on Chemstation when she filed her earlier complaint, used an incorrect address in attempting service of her new complaint, and service was not perfected.
In December, 1997, the trial court sent Crafton's counsel a notice to attempt alternate methods for service. This notice stated that a failure to respond within fourteen days could result in the administrative dismissal of the case. Crafton's counsel claims never to have received this notice.
On January 26, 1998, the trial court sent a second notice of possible dismissal, stating that failure to respond within fourteen days could result in administrative dismissal of the case. No written response was filed to this notice until March 9, 1998. In the meantime, the trial court dismissed the cause of action for want of prosecution, pursuant to Civ.R. 41 (B)(1), on February 20, 1998. In her motion for relief from judgment from which this appeal has, in part, been taken, Crafton alleges that her counsel contacted the trial court by telephone shortly after receiving the January 26, 1998, notice that her cause of action would be dismissed, that the service of process problem was discussed, and that, upon being told that an effort was being made to obtain personal service on Chemstation, Crafton's counsel was advised not to worry about the January 26, 1998 notice.
Crafton's counsel has alleged, in support of her motion for relief from judgment, that the order dismissing the cause, entered February 20, 1998, was misfiled in his office, and that he only became aware of the dismissal some time later, when he was reviewing the file in preparation for filing a motion for default judgment. Chagrined to discover that the case had been dismissed, Crafton's counsel filed a motion for reinstatement of the case on June 5, 1998, and the trial court entered an order reinstating the case on July 2, 1998.
Chemstation filed a motion to dismiss the complaint on September 28, 1998, contending that the case could not be reinstated without a motion for relief from judgment pursuant to Civ.R. 60(B).
On March 23, 1999, the trial court granted Chemstation's motion to dismiss the case. On April 5, 1999, Crafton filed a motion for relief from judgment, pursuant to Civ.R. 60(B), seeking relief from the dismissal on March 23, 1999. The trial court denied that motion for relief from judgment. This appeal is taken both from the dismissal of Crafton's cause of action on March 23, 1999, and from the denial of her motion for relief from that dismissal, entered June 7, 1999.
 II
Crafton's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT MELISSA CRAFTON'S CASE.
In arguing this assignment of error, Crafton relies upon matters outside the record in asserting that there was not a want of prosecution justifying dismissal of her cause of action. In our view, this is inapposite. The motion to dismiss was predicated upon the theory that there is no provision in the Ohio Rules of Civil Procedure to reinstate a cause of action that has been dismissed, and that Crafton's exclusive remedy under the Rules was a motion for relief from judgment, pursuant to Civ. R. 60(B). We agree, and Crafton has not directed us to any authority that would suggest otherwise.
For reasons set forth in Part III, below, we conclude that the trial court should have vacated its reinstatement of Crafton's cause of action, leaving standing the earlier dismissal for want of prosecution, rather than to dismiss the cause of action yet again. However, this error did not prejudice Crafton. Had the trial court vacated its prior reinstatement, leaving standing its prior order of dismissal, Crafton would have been in no better position. Therefore, she was not prejudiced by the trial court's error.
Crafton's First Assignment of Error is overruled.
 III
Crafton's Second Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT PLAINTIFF-APPELLANT MELISSA CRAFTON 60(B) RELIEF.
Chemstation argues that because the order from which Crafton is seeking relief is the March 23, 1999 dismissal of her cause of action, her alleged grounds for relief — that the earlier dismissal of her cause of action was a result of her trial counsel's excusable neglect — are immaterial, and can afford no basis for relief. We do not agree.
The March 23, 1999 dismissal of Crafton's cause of action is not logically independent of the earlier order of February 20, 1998, dismissing her cause of action for want of prosecution. To the contrary, the propriety of the subsequent order dismissing her cause of action depends upon the propriety of the earlier order.
The trial court predicated its denial of Crafton's motion for relief from the judgment on March 23, 1999 dismissing her cause of action upon the ground that her claim for relief was based solely upon a claim that the judgment was legally erroneous. Therefore, reasoned the trial court, her proper remedy was an appeal, not a motion for relief from judgment. We disagree with the trial court's reasoning. We read Crafton's motion for relief from the order of March 23, 1999 dismissing her complaint as being predicated upon a theory that the initial dismissal of her cause of action, from which the second dismissal depended, was the result of her trial counsel's excusable neglect. Because the acts supporting Crafton's claim of excusable neglect were largely, if not entirely, outside the record, a motion for relief from judgment was the proper vehicle.
However, we conclude that the trial court nevertheless correctly denied Crafton's motion for relief from judgment, because we conclude that that motion was untimely filed.
In its argument in support of the last dismissal of Crafton's cause of action, Chemstation argued that Crafton's motion to reinstate her complaint was a nullity, citing Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378. We agree. The trial court was without authority to reinstate the complaint. Logically then, it should have vacated its reinstatement order, letting the earlier dismissal stand. Chemstation had moved for dismissal of the complaint, however, and the trial court granted Chemstation's motion, and dismissed the complaint.
Nevertheless, it is clear that the trial court found no new grounds for the dismissal of the complaint, but, instead, properly recognized that it had erred when it ordered the complaint reinstated. Therefore, in our view, the order of dismissal on March 23, 1999 was the functional equivalent of vacating the reinstatement order, allowing the earlier dismissal, on February 20, 1998, to stand. Crafton's motion for relief from judgment was actually an attempt to obtain relief from the earlier order of dismissal, based upon allegations of excusable neglect of her trial counsel that gave rise to the earlier dismissal.
Although Crafton invoked subdivision (5) of Civ.R. 60(B), as well as subdivision (1), subdivision (5) cannot be used as a substitute for another ground specified in the Rule. Hornyak v.Brooks (1984), 16 Ohio App.3d 105. See, also, Caruso-Ciresi, Inc.v. Lohman (1983), 5 Ohio St.3d 64.
From our reading of Crafton's motion for relief from judgment, it is clear that her grounds for relief are based upon subdivision (1) of the Rule, which provides that a party may be relieved from a final judgment upon the grounds of mistake, inadvertence, surprise or excusable neglect. All of Crafton's arguments for relief sound under this subdivision of the Rule.
Of course, motions for relief from judgment made pursuant to subdivisions (1), (2) and (3) must be made not more than one year after the judgment, order or proceeding is entered or taken.
The order from which Crafton was seeking relief was the order of dismissal of February 20, 1998. The trial court's later order of dismissal of March 23, 1999, had no independent vitality, and, in fact, ought never to have been entered. That order clearly amounted to nothing more than the vacation of the trial court's order of reinstatement, the trial court having recognized that it had no authority to order reinstatement of the case.
Because the order from which Crafton seeks relief is, in reality, the order of dismissal of February 20, 1998, her motion, filed April 5, 1999, is not timely. Civ.R. 60(B). Accordingly, the trial court correctly denied her motion.
Crafton's Second Assignment of Error is overruled.
 IV
Both of Crafton's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and BROGAN, J., concur.
Copies mailed to:
David G. Roach
Cinnamon S. Houston
Nicholas E. Subashi
David J. Arens
Hon. Jeffrey Froelich