JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jeffrey Sterling, appeals the trial court's decision to deny his motion to vacate and overrule his objections to the magistrate's decision. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} The present appeal arises from a divorce action between Jeffrey Sterling ("appellant" or "Jeffrey") and Chris-Anna Sterling ("appellee" or "Chris-Anna"). On April 23, 2004, the trial court entered a final decree for divorce, which terminated their marriage. The final decree provided that the parties would share joint custody of their two children and ordered Jeffrey to pay child support in the amount of $920 per month. The decree also provided that the child support payments would be modified in February 2005 to $850 per month. On February 25, 2005, Chris-Anna filed a motion to modify child support, and on June 13, 2005, the trial court held a pretrial, where both parties appeared and exchanged income information.
 {¶ 3} On August 2, 2005, a full hearing was held on Chris-Anna's motion to modify. Although Jeffrey was provided with proper notification of the hearing, he failed to appear. As a result, on August 24, 2005, the magistrate issued a decision modifying the child support payments, ordering Jeffrey to pay $842 per month through September 1, 2005. In addition, the magistrate held that, after September 1, 2005, Jeffrey's child support payment would be set at $719.23 per month, until further order of the court. On September 2, 2005, Jeffrey filed objections to the magistrate's decision; however, on October 31, 2005, his objections were overruled, and the trial court adopted the magistrate's findings. On November 30, 2005, Jeffrey filed a motion to vacate judgment, but on March 2, 2006, that motion was denied. Jeffrey brings this appeal asserting two assignments of error for our review.
 {¶ 4} "I. A trial court must grant an evidentiary hearing on a motion to vacate judgment when the motion contains allegations of operative facts that warrant relief from judgment."
 {¶ 5} Appellant argues that the trial court abused its discretion when it denied his motion to vacate without first holding an evidentiary hearing. More specifically, he asserts that a trial court must grant an evidentiary hearing on a motion to vacate when it contains allegations of operative facts that warrant relief from judgment, such as inadvertence, excusable neglect, newly discovered evidence and fraud. He contends that his failure to appear at the modification hearing was attributable to excusable neglect, thus, a hearing should have been held with respect to his motion to vacate. After review of the record, we do not find any abuse of discretion.
 {¶ 6} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 7} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 8} This court stated in Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103, that, with respect to a hearing on a motion to vacate, the moving party "has the burden of proof, [and] must present sufficient factual information to warrant a hearing on the motion." The same sentiment was expressed in this court's decision in Hornyak v. Brooks (1984), 16 Ohio App.3d 105, wherein we held that a trial court may exercise its discretion when granting or denying a motion for relief from judgment. TheHornyak opinion further provided:
 {¶ 9} "`To prevail on a motion under Civ. R. 60(B) the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or preceding was entered or taken. The trial court has the discretion in ruling on such a motion. Unless the movant's affidavit or other evidentiary material demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. The evidentiary materials must present `operative facts' and not mere general allegations to justify relief."
 {¶ 10} Civ.R. 60(B), as well as this court's previous rulings, require that a movant present a meritorious claim or operative facts that warrant relief from judgment. The appellant alleges excusable neglect as to why he was unable to attend the motion hearing; however, his only assertion is that he was confused as to the actual date of the hearing due to previous hearing dates. Although confusion can, under certain circumstances, constitute excusable neglect, there are insufficient facts in this case to establish that appellant's confusion on the basis of previously scheduled hearing dates qualified as excusable neglect. It is undisputed that appellant was properly served with notification of the hearing. In addition, he was present during the pretrial hearing, where the modification hearing was discussed, and he has not provided any evidence showing that errors occurred with respect to notification.
 {¶ 11} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it denied the appellant's motion to vacate without first conducting a hearing. Accordingly, the trial court did not abuse its discretion, and the appellant's first assignment of error is overruled.
 {¶ 12} "II. A trial court must grant a hearing on objections to the magistrate's decision with findings of fact and conclusions of law when those objections raise issues of possible fraud in the preparation of the child support computation worksheet."
 {¶ 13} Appellant next argues that the trial court abused its discretion when it denied his objections to the magistrate's decision and, in turn, adopted the magistrate's findings of fact and conclusions of law. He asserts that a trial court must grant a hearing on an objection to a magistrate's decision when the objection raises issues of mistake or fraud. He further contends that he is entitled to a hearing because his objections alleged that fraud was possibly committed in the preparation of his child support computation worksheet.
 {¶ 14} We find no merit in appellant's assertions. He did file objections to the magistrate's decision alleging fraud; however, he neglected to include a transcript or affidavit of the modification hearing, in direct violation of the Ohio Rules of Civil Procedure. Civ.R. 53(D)(3)(a)(iii) states is pertinent part:
 {¶ 15} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 16} This court expressed a similar sentiment in Fratzkev. Tuennerman (June 24, 1999), Cuyahoga App. No. 74341, where we held:
 {¶ 17} "In order to preserve error relative to a magistrate's report and recommendations, it is incumbent on a party to file objections thereto within fourteen days following the filing of that decision. Having neglected to file objections, let alone timely objections, to the magistrate's decision with a transcript of the hearing or an affidavit, appellant is precluded from arguing factual findings in that decision; the claimed error is waived."
 {¶ 18} Civ.R. 53, as well as this court's previous ruling, require that a transcript or affidavit be submitted in order for an appellant to properly challenge a magistrates's decision. If the appellant neglects to provide this documentation, he is barred from contesting the magistrate's factual findings.
 {¶ 19} In the present case, appellant filed his objections to the magistrate's decision, yet failed to file a transcript or an affidavit of the evidence presented during the modification hearing. Instead, he submitted documents that were not presented during the proceedings and were not authenticated. Appellant's argument that he should have been afforded a hearing on the basis of the claims alleged in his objection is not supported by Civ.R. 53 or by this court's previous holding in Fratzke. Because appellant did not file the required documentation, he is precluded from challenging the magistrate's factual findings.
 {¶ 20} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it overruled appellant's objections and adopted the findings of the magistrate without first conducting a hearing. Accordingly, the trial court did not abuse its discretion, and appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Corrigan, J., concur.