[Cite as *USB Fin. Servs., Inc. v. Lacava*, 2013-Ohio-1669.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98919

---

# UBS FINANCIAL SERVICES, INC., ET AL.

### PLAINTIFFS-APPELLEES

vs.

# ALBERT V. LACAVA, JR.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-723001

**BEFORE:** Celebrezze, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 25, 2013

**ATTORNEY FOR APPELLANT**

Michael T. Conway
Michael T. Conway and Co.
3456 Sandlewood Drive
Brunswick, Ohio   44212


**ATTORNEYS FOR APPELLEES**

Paul R. Harris
Joseph S. Simms
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West 2nd Street
Suite 1100
Cleveland, Ohio   44113-1448

FRANK D. CELEBREZZE, JR., P.J.:

{¶1}   Appellant, Albert V. LaCava, Jr. ("LaCava"), appeals from the denial of his motion for relief from a judgment entered in favor of appellee, UBS Financial Services, Inc. ("UBS"), confirming an arbitration award issued against LaCava in the amount of $196,963.89.   LaCava argues the trial court erred in denying his motion because he was not properly served with a default motion or he was misled by the trial court.   After a thorough review of the record and law, we affirm the decision of the trial court.

## I. Factual and Procedural History

{¶2} LaCava joined UBS in 2004.   As part of his compensation package, he received approximately $347,000 in the form of two forgivable loans.[1]   These loans were forgivable at six-year intervals as long as LaCava still worked for UBS.   LaCava claimed that as a result of his activities bringing certain trading improprieties to light, his employment was terminated in 2008.   He brought an arbitration action against UBS before the Financial Industry Regulatory Authority ("FINRA").   His claims there included breach of contract, breach of the covenant of good faith and fair dealing, failure to supervise, tortious interference, wrongful termination, libel, and slander.   UBS

---

[1] The first loan, distributed in October 2004, was for $271,815, and the second loan, distributed in December 2006, was for $75,248.

counterclaimed for past-due amounts on those loans that were not forgiven, totaling $196,963.89 at the time of decision.

{¶3} A lengthy arbitration hearing was conducted before a three-member panel. The panel found no merit to LaCava's claims, but found in favor of UBS for the loans. The panel ordered judgment in favor of UBS in the amount of $196,963.89.

{¶4} On April 2, 2010, UBS filed to confirm the arbitration award with the trial court. The record indicates, and LaCava admits, proper service was perfected on him on May 4, 2010, by certified mail, which was signed for at his home address by Mary Ellen LaCava. However, LaCava failed to respond to the application for confirmation. UBS filed for default judgment on June 11, 2010. The record indicates notice of this motion was properly served at the same address where the application was served, although LaCava claims he did not receive notice of the default judgment hearing. On June 17, 2010, the motion for default judgment was granted and the arbitration award was confirmed, apparently without a hearing.[2] Notice of this decision was sent to LaCava's address.

{¶5} UBS attempted various collection proceedings, including deposing LaCava as part of a judgment debtor action and wage garnishment in 2011.

---

[2] A hearing on default is not always required. Civ.R. 55(A). *Buckeye Supply Co. v. N.E. Drilling Co.*, 24 Ohio App.3d 134, 493 N.E.2d 964 (9th Dist.1985).

**{¶6}** On July 20, 2012, LaCava filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). The trial court, without holding a hearing, denied the motion on August 9, 2012. LaCava then perfected the instant appeal assigning two errors for review:

> I. The trial court erred to the prejudice of the appellant by summarily overruling the appellant's Civil Rule 60(B)(5) motion in light of the fact the appellee did not oppose the motion with admissible evidence in rebuttal and the grounds were adequate for granting the motion.

> II. The trial court erred to the prejudice of the appellant by summarily overruling the appellant's Civil Rule 60(B)(5) motion in light of the fact the appellee did not effect service of process on its motion for default judgment and/or the appellant was confused or mislead by the trial court communications as to event deadlines in the case sub judice.

## II. Law and Analysis

**{¶7}** LaCava claims error in the trial court's disposition of his motion for relief from judgment. Such motions are governed by Civ.R. 60(B) and require movants to

> demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). The grounds for relief enunciated in this rule are

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶8} This court applies an abuse of discretion standard of review. *Shuford v. Owens*, 10th Dist. No. 07AP-1068, 2008-Ohio-6220, ¶ 15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 15 (11th Dist.). To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

### A. Evidence of Timeliness

{¶9} LaCava's motion relies on Civ.R. 60(B)(5), "any other reason justifying relief." This is partially because of the temporal limitations set forth in the rule. The record indicates appellant was served with notice of the default judgment entered against him. The record further indicates the default judgment motion was served on LaCava as well as two attorneys that had previously represented him. Because Civ.R. 60(B)(1) through 60(B)(3) require that any motion be filed within one year and Civ.R. 60(B)(4) does not apply, the only option left is Civ.R. 60(B)(5), which must be filed within "a reasonable time." Default judgments sought to be vacated are generally treated with more leniency, as whenever possible disputes should be decided on their merits. *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985), fn. 1. However, the rules set forth by the legislature may not be ignored. LaCava is still tasked with showing that his motion was filed within a reasonable time.

{¶10} What constitutes a reasonable time is not a question that can be answered the same for every case. It requires an analysis of the reasons for delay and whether they

establish justification in light of the surrounding circumstances. *Middletown v. Campbell*, 21 Ohio App.3d 63, 486 N.E.2d 208 (12th Dist.1984).

{¶11} Here, LaCava was sent notice of the default judgment against him by the trial court on June 17, 2010. This was sent to his home, the place where he resided throughout these proceedings, and where he affirmatively received certified mail service. The notice of default hearing was also sent to this address. Further, appellant waited for over two years from the time the arbitration award was confirmed to the filing of his motion, with no explanation. He claims he had no notice of those proceedings in spite of the fact that notice of everything was sent to a proper address, and UBS even deposed him in April 2011 as part of a debtor's examination in an attempt to determine what assets and income he had to satisfy the judgment.

{¶12} LaCava failed to show his motion was timely filed. His claims that he did not know about the confirmation and subsequent attempts to collect on that judgment are contradicted in the record. He admits that he received the application for confirmation and failed to respond.

{¶13} He also alleges that he misunderstood or was misled by the court about a telephonic conference. These arguments go to excusable neglect, which falls under Civ.R. 60(B)(1). That provision has a one-year time limit in which to bring such a motion, and that has long past. Further, confusion about a telephonic conference does not explain a failure to respond within the time allowed and does not constitute excusable neglect. *See Sterling v. Sterling*, 8th Dist. Nos. 87399 and 87975, 2006-Ohio-5437.

{¶14} LaCava relies on *Benesch v. Action Software, Inc.*, 8th Dist. No. 91708, 2009-Ohio-1617, to argue that excusable neglect can justify vacating the confirmation of an arbitration award. However, in that case, the motion was made within one year from the time of the confirmation. In fact, the motion was made within one month after the trial court entered judgment on the record based on the arbitration award. Here, that is not the case. Accordingly, LaCava's first assignment of error is overruled.[3]

### B. Failure to Hold a Hearing

{¶15} The above analysis also demonstrates that the trial court did not err when it denied LaCava's motion without holding a hearing.

{¶16} Those filing a motion for relief from judgment under Civ.R. 60(B) must present sufficient operative facts demonstrating their entitlement to a hearing. *Morris-Walden v. Moore*, 8th Dist. No. 87989, 2007-Ohio-262, ¶ 31. Otherwise, a trial court may summarily dismiss the petition. *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223, 228, 382 N.E.2d 1179 (8th Dist.1978). In so doing, "the movant must do more than make bare allegations that he is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102.

{¶17} On its face, the motion failed to set forth operative facts justifying the long period of delay and demonstrating that the motion was filed within a reasonable time. *Essi Acoustical Prods. Co. v. Friedman*, 8th Dist. No. 65477

---

[3] LaCava did not argue below that the default judgment motion was granted without a hearing or without giving him adequate time to respond.

1994 Ohio App. LEXIS 2162, *4-6 (May 19, 1994). Therefore, the trial court did not err in denying LaCava's motion without holding a hearing. LaCava's second assignment of error is overruled.

### III. Conclusion

{¶18} LaCava's motion to set aside the confirmation of the arbitration award was filed over two years after that decision was set forth in the record of the trial court and after significant collection efforts by UBS. LaCava was served with the application for confirmation, and the resultant notices and motions were sent to the same, proper address. LaCava was also subject to various debt collection proceedings initiated by UBS in its attempt to collect on the judgment. LaCava's motion based on a lack of knowledge of the judgment entered against him is contradicted by the events in this case. He did not establish justifiable delay in light of the surrounding circumstances. Therefore, his motion was untimely, and the trial court could properly dismiss it without holding a hearing.

{¶19} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR