SNIDER, Appellant,

v.

BEREA KAR COMPANY, Appellee.

[Cite as *Snider v. Berea Kar Co.* (1989), 65 Ohio App.3d 552.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56249.

Decided Dec. 11, 1989.

*Stephen A. Snider, pro se.*

*Paul W. Yates Co., L.P.A.,* and *Gerry Davidson,* for appellee.

JOHN V. CORRIGAN, Judge.

Plaintiff-appellant Stephen A. Snider ("appellant") appeals the trial court's judgment for the defendant-appellee Berea Kar Company ("appellee"), wherein appellant had to bear the loss of a stolen 1981 Chevrolet, although title to the automobile remained in appellee's name at the time of loss. The facts giving rise to the instant appeal are as follows:

On December 31, 1987, appellant purchased a 1981 Chevrolet automobile from appellee, who was in the business of selling used vehicles. Both parties entered a purchase agreement in which the automobile was sold for $585 "as is." On the same day, appellant took possession of the automobile, after he provided appellee with a check for $600. Appellant never received the certificate of title.

In the ensuing days, appellant had mechanical problems with the automobile. Both parties corresponded with each other regarding repairs of the automobile and transfer of the certificate of title. It is disputed between them which party was at fault in effectuating the transfer of the certificate of title.

Appellant stopped using the car at the end of January 1988. The car sat idle in his driveway for several months. Eventually, the automobile was stolen from appellant's driveway in May 1988.

On May 20, 1988, appellant filed a complaint in Berea Municipal Court alleging that appellee owed him $600 for the stolen car, since appellee never transferred the certificate of title to him. Appellee filed an answer and counterclaim on June 1, 1988 claiming appellant still owed money on the purchase of the automobile. On July 6, 1988, the case was heard before the bench. On July 13, 1988, the trial court held that appellant was the owner of the 1981 Chevrolet, despite the fact that the certificate of title remained in appellee's name at the time the automobile was stolen. Thus, appellant had to bear the loss of the automobile and judgment was entered for appellee. The trial court ruled against the appellee on its counterclaim.

Appellant filed a timely notice of appeal and subsequently raised the following assignments of error:

"Judge neglected to consider [the] following points from testimony most witnessed by evidence presented in record.

"1. Bill of sale should be recognized as true and final with all conditions included.

"2. Dealer actually had no legal right to display for sale or even sell vehicle without title in business's name.

"3. Change of ownership does not take place until title is transferred and is responsible for vehicle & contents even when vehicle was stolen from plaintiff with naked possession.

"4. Weight of responsibility for assurance of transfer of title is heavier on the seller. Buyer made many attempts to obtain.

"5. Plaintiff's right to [the] use of vehicle was denied by dealer's refusal to transfer title.

"6. Since title and transaction should have been null and void, theft of vehicle should have been considered the loss of the dealer."

The crux of appellant's argument, contained in his assignments of error, is that appellant did not have ownership of the vehicle at the time of the theft by virtue of him not holding the certificate of title to the automobile. By not being the owner of the vehicle, appellant contends that he did not bear the risk of loss of the car, because risk of loss is a key ingredient of ownership. Appellant's assignments of error will be addressed together since they pertain to the issuance and transfer of a certificate of title.

Appellant contends that appellee initially did not have authority to sell the automobile, since it allegedly did not have a certificate of title at the time of the purchase agreement. Furthermore, appellant argues that appellee failed to transfer the certificate of title after appellant took possession of the automobile.

In its judgment, the trial court held that there was a valid written contract for the purchase of the 1981 Chevrolet. The trial court further stated that appellant failed to go to appellee's place of business to sign for the certificate of title, despite appellee's several requests of the appellant to do so.

An appellant bears the burden of showing error by references to matters in the record. *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the trial court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 10 O.O.3d 227, 382 N.E.2d 1179; see, also, App.R. 9(B).

The record on appeal does not include either a verbatim or narrative transcript of the evidence presented at trial relative to appellee's authority to sell the automobile and the alleged failure of appellee to transfer the certifi-

cate of title. We have only the trial court's judgment before us. The trial court concluded that there was a valid sale of the automobile and that appellant failed to effectuate the transfer of the certificate of title. Without a transcript of the actual evidence adduced at trial by the parties, this court cannot determine that the trial court's determination on these issues was in error. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.

Appellant further asserts that the trial court erred by concluding that he bore the risk of loss before the certificate of title passed to him from the appellee. Appellant argues that the certificate of motor vehicle traffic law contained in R.C. Chapter 4505 provides that ownership of the vehicle cannot pass until a certificate of title is issued to the purchaser. Accordingly, appellant claims that since appellee possessed the certificate of title of the automobile when it was stolen, appellee should be forced to bear the risk of loss for the automobile.

■■■ The purpose of the Ohio certificate of title law is to deal with questions of ownership. It is irrelevant to the issue of risk of loss. *Hughes v. Al Green, Inc.* (1981), 65 Ohio St.2d 110, 116, 19 O.O.3d 307, 311, 418 N.E.2d 1355, 1358. Where a motor vehicle, identified in a purchase agreement, is damaged, lost or destroyed prior to the issuance of a certificate of title in the purchaser's name, the risk of such damage, loss or destruction lies with either the seller or the purchaser as determined by the rules set forth in R.C. 1302.53. *Hughes, supra.* R.C. 1302.53 provides that in any case where the contract goods are neither delivered by carrier nor entrusted to a bailee, the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise, the risk passes to the buyer on tender of delivery. *Nittskoff v. Hal Artz Lincoln–Mercury, Inc.* (May 15, 1980), Cuyahoga App. No. 39605, unreported.

■■■ Placing the risk of loss upon the purchaser who takes possession is the better position, because the purchaser bought the item and has possession and control of it. *Nittskoff, supra,* at 11. Placing the risk of loss upon the seller imposes liability upon the seller without any opportunity for the seller to control the item. *Id.* No longer is the question of title of any importance in determining whether a buyer or seller bears the risk of loss. *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 524 N.E.2d 507.

We conclude that after appellant purchased and took possession of the automobile, he bore the risk of loss for damages when the automobile was stolen. For the above reasons, we find appellant's assignments of error without merit and they are overruled.

The trial court decision is affirmed.

*Judgment affirmed.*

PATTON, P.J., and WIEST, J., concur.

MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.