OPINION
Plaintiffs Willis J. Akin, Ken Beaverson, dba Wooster Motor Ways, Inc., and Liberty Mutual Group appeal a judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of defendants The Continental Insurance Company and CNA Financial Corporation on plaintiffs' complaint for declaratory judgment and money damages. Appellants assign two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT THE TRUCK AT ISSUE WAS OWNED BY PLAINTIFF WOOSTER MOTOR WAYS AND NOT BY DEFENDANTS' INSURED, NAVISTAR COLUMBUS USED TRUCK CENTER.
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN FINDING THAT WMW WAS NOT AN INSURED UNDER CONTINENTAL'S GARAGE POLICY.
Appellees assign a cross assignment of error, which they request this court consider only if we sustain appellants' assignments of error:
 THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT IT COULD NOT CONSIDER EXPLICIT CONTRACTUAL PROVISIONS GOVERNING PASSAGE OF TITLE OF THE TRUCK AT ISSUE SOLELY BECAUSE A BROKER-RATHER THAN WOOSTER MOTOR-WAS LISTED AS THE BUYER IN THE SALES CONTRACT.
The parties stipulated to certain facts in the trial court. Sometime prior to September 30, 1996, appellant Ken Beaverson, Inc., dba Wooster Motor Ways, Inc. decided to purchase thirteen 1992 International trucks. These trucks were owned by Navistar International Transportation Corp., and were held on Navistar's used truck lot in Etna, Ohio. Five Star International Trucks, Inc. brokered the sale. Prior to September 30, 1996, Wooster Motor had picked up 12 of the 13 trucks from Navistar's lot, apparently without incident. On September 30, 1996, Wooster Motors sent its employee, Willis Akin, to Navistar's lot to inspect and pick up the thirteenth truck. Richard N. Batdertscher, who was retired, accompanied Akin to follow him back to Wooster after they took possession of the truck. While inspecting the truck, Akin noticed that one of the tires needed air. Navistar's district manager, told Akin to back the truck into a maintenance bay and Navistar would put air in the tire for him. Akin decided to pull forward and turn around, rather than backing up. However, unknown to Akin at the time, Batdertscher was squatting in front of the truck, attaching a Wooster Motor temporary license plate to the front of the truck. When Akin drove the truck forward, he ran over Batdertscher, causing his death. Batdertscher's executrix subsequently filed a wrongful death action on behalf of his estate against Wooster Motors, Akin, Navistar, Ken Beaverson, Inc., and Five Star. Wooster Motor's liability insurer, appellant Liberty Mutual Group defended Akin and Wooster Motor, and eventually settled the wrongful death claim for $350,000. Liberty Mutual then commenced this action against appellees, Continental Insurance Company, and CNA Financial Group, claiming that Continental, and not Liberty Mutual, should have paid the costs of defense, and indemnify Liberty for the claim. Liberty Mutual alleged Akin was an insured on Navistar's policy with Continental Insurance Company because Akin was driving a truck owned by Navistar, and with Navistar's permission at the time of the accident. Liberty Mutual alleged Wooster Motors was also an insured because of its relationship with Akin's employer. Liberty Mutual sought a declaration that Continental's coverage was primary, and Liberty Mutual's was secondary. The parties filed cross motions for summary judgment, based on stipulated facts and joint exhibits. The trial court overruled both motions, finding conflicting inferences could be drawn from the stipulated facts, such that the court could not enter judgment as a matter of law for either party. The trial court found the issue presented was whether Navistar, and not Wooster Motor, owned the truck at the time of the accident. After a bench trial, the trial court found physical delivery of the truck from Navistar to Wooster. The court found Wooster was the owner of the truck at the time of the accident. This appeal ensued.
 I
In their first assignment of error, appellants argue the trial court was incorrect when it concluded the truck at issue was owned by Wooster Motor Ways, not by Navistar. In its memorandum of decision with findings of fact and conclusions of law, entered July 3, 2000, the trial court found the first issue it must decide was who owned the truck. Citing R.C. 1302.42 and Smith v. Nationwide Mutual Insurance (1988),37 Ohio St.3d 150, the trial court held ownership is first determined by explicit agreement of the parties, and secondly by physical delivery of goods in question. Defendants CNA argued to the trial court the sales contract is the explicit agreement governing ownership, but the trial court found the contract was not helpful because it was entered into between Navistar and Five Star, the broker who managed the sale. Because Wooster was not a party to the contract and was not bound by its provisions, the trial court rejected CNA's agreement the contract governed the ownership issue. The trial court also discussed whether physical delivery of the truck had been accomplished prior to the accident. Citing Smith, supra, the trial court noted physical delivery occurs when the purchaser obtains possession and control of the goods. The court found the truck was on Navistar's lot, and subject to inspection by Wooster's agents prior to acceptance. The court found there was no evidence demonstrating the inspection would be more than merely looking over the truck, and no evidence the sale was contingent upon the truck meeting inspection. The court found although Wooster's employee found a tire low on air, no evidence was presented this or any other defect would have canceled the sale or would have precluded the employee from driving the truck off the lot. The court found the truck was paid for, and Wooster's employee had actual possession and physical control of the truck at the time of the accident. The court found Wooster had taken possession and control of the truck, completing delivery. Thus, the court concluded Wooster owned the truck at the time of the accident. Wooster takes issue with the trial court's finding payment had been made for the truck. The parties joint exhibits demonstrate the check for $212,500 for the 13 trucks was not written or placed in the mail until after 4:00 p.m. on September 30, 1996. The broker, Five Star, did not provide the invoice for the 13 trucks until 2:40 p.m. on September 30, 1996. The accident occurred at approximately 11:15 a.m. Wooster also urges although there were signed bills of lading for each of the other 12 trucks, there was no signed bill of lading for the truck involved in the accident. Navistar's manager conceded when a truck sits on the lot, it is insured by Navistar's policy. Wooster urges this demonstrates Navistar did not complete delivery of the truck prior to the accident. The trial court correctly cited Smith v. Nationwide Insurance Company, which held: The criteria found in R.C. 1302.42 (B), and not the Certificate of Title Act, identifies the owner of a motor vehicle for purposes of determining insurance coverage in case of an accident.
R.C. 1302.42 (B) provides, unless the parties agree otherwise, title passes to the buyer at the time and place in which the seller completes its performance with reference to the physical delivery of goods. This is true despite any reservation of a security interest, or that the document of title was delivered at a different time or place. Appellants cite our case of Western Reserve Mutual Insurance Company v. Pickerton (July 5, 1994), Morrow County Appellate No. CA802, unreported. In Pinkerton, this court found when the purchaser takes possession of the vehicle ownership passes from the previous owner to the purchaser. Likewise, in Gregory-Hill v. Willey (May 10, 1999), Highland County Appellate No. 98CA82, unreported, the Court of Appeals for the Fourth District found where the purchaser has taken possession of a vehicle, the former owner had completed the delivery even though the purchase price had not yet been tendered. Appellants urge both Willey and Pickerton involve cases where the purchaser took possession of the vehicle and drove it off the seller's lot. Here, appellants maintain the truck was still being inspected, and had never left Navistar's lot. Appellants urge the physical delivery of truck was not complete, and Navistar was still the owner of truck. We agree with the trial court that even though the facts are stipulated, nevertheless, the factual inferences which may be drawn from those facts are genuinely disputed. The issue of delivery is a mixed question of law and fact. Appellees cite us to Hughes v. Al Green, Inc. (1981), 65 Ohio St.2d 110, wherein the Ohio Supreme Court found once a buyer takes possession of the car, the buyer is the owner for purposes of insurance coverage, even though the owner intended to return the car to the dealership for "new car preparation" and installation of a CB radio. In Snider v. Berea Kar Company (1989), 65 Ohio App.3d 552, the Eighth District Court of Appeals, for Cuyahoga County, explained the rationale for placing the risk of loss on the purchaser. The purchaser who has taken possession is in a better position because he has control of the item. If the risk or loss is placed on the seller, the seller has liability without the opportunity to control the item, Snider at 556, citations. Appellees also point out that the trial court was correct when it found the truck was paid for, because Five Star, the broker, had tendered payment to Navistar at 9:00 a.m. on the morning of September 30, 1996, even though Wooster Motor did not mail its check to Five Star until later in the afternoon. Appellees urge at the time of the accident Navistar had no possession, control, or right to possession or control of the truck. Appellees urge because Navistar had been paid for the truck, Akin had accepted the keys for the truck, and because Akin actually assumed possession and control by starting the truck and driving it forward, possession of the truck had passed from Navistar to Wooster Motor. We find the trial court was correct in analyzing the facts and applying Ohio law to those facts. The first assignment of error is overruled.
 II
In their second assignment of error, appellants urge the trial court was incorrect when it found Wooster Motor Ways was not covered by Navistar's garage policy provided by Continental Insurance. Appellant urge that the trial court found appellant Willis Akin was an insured under the garage policy, but Wooster Motors was not. In fact, the trial court found the relevant provision in the CNA policy defined an insured as, inter alia, a person using with the owner of the insurance policy's permission, a covered auto owned, hired, or borrowed by the owner of the policy. The trial court found Navistar, the owner of the policy did not own, hire, or borrow the truck at the time of the accident, and thus, Akin was not an insured as defined by the CNA policy. We find the trial court correctly found CNA's garage policy did not provide insurance coverage for this accident. The second assignment of error is not overruled.
Because we find no error in the trial court's judgment, we need not address appellees' conditional cross assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J. Wise, J., and Edwards, J., concur.