CAPSHAW et al., Appellees,

v.

HICKMAN, Appellant.

[Cite as *Capshaw v. Hickman,* 173 Ohio App.3d 677, 2007-Ohio-6182.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–281.

Decided Nov. 20, 2007.

678

Crowley Law Offices and James W. Crowley, for appellees.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., and J. Allen Jones III, for appellant.

BRYANT, Judge.

{¶ 1} Defendant-appellant, Rachel Hickman, appeals from a judgment of the Franklin County Municipal Court granting judgment on the pleadings pursuant to Civ.R. 12(C) to plaintiffs-appellees, Charles W. Capshaw (individually, "plaintiff") and Donna M. McClure. Because the pleadings do not entitle plaintiffs to judgment as a matter of law, we reverse.

{¶ 2} According to the allegations in the parties' pleadings, plaintiff entered into a written contract with defendant to purchase defendant's 1996 Honda Civic EX for the purchase price of approximately $5,025. According to the contract, "the title will be surrendered upon the new owner's check clearing." After making a cash down payment of $80, plaintiff gave defendant a personal check for the balance. Defendant provided plaintiff with the keys to the vehicle. She also complied with plaintiff's request to sign the certificate of title over into the name

of plaintiff's father. They agreed that the vehicle was to remain parked in defendant's driveway until the check cleared.

{¶ 3} Unfortunately, before defendant was notified that the check cleared, a hailstorm heavily damaged the vehicle. Due to the damage the vehicle sustained, plaintiffs decided that they no longer wanted the vehicle and requested that defendant return their money. Defendant refused, believing that the sales transaction was complete and the vehicle belonged to plaintiffs. Defendant requested that plaintiffs remove the vehicle from her driveway.

{¶ 4} In response, plaintiffs filed a complaint against defendant, alleging conversion, breach of contract, and "quasi-contract and unjust enrichment—promissory estoppel." Defendant denied plaintiffs' allegations and filed two counterclaims requesting compensation for storing the vehicle on her driveway. Defendant also sought to recover her costs, attorney fees, and expenses arising out of plaintiffs' conversion claim because it was frivolous pursuant to R.C. 2323.51.

{¶ 5} Plaintiffs filed a motion and an amended motion for judgment on the pleadings, and defendant filed a response to both. Plaintiffs asserted the risk of loss remained with defendant until the check cleared; because it had not cleared at the time the hail damaged the car, defendant sustained the loss. Relying on R.C. 1302.53(C), defendant maintained that the risk of loss for nonmerchant sellers such as herself passes to the buyer after a nonmerchant seller tenders delivery. Defendant contended that because a material issue of fact exists as to whether she tendered delivery of the vehicle to plaintiffs, judgment on the pleadings was improper.

{¶ 6} Based upon the pleadings, the trial court found that the parties agreed to the following facts: (1) plaintiffs offered to purchase the vehicle for $5,025, minus an $80 down payment, (2) plaintiffs tendered a check to defendant for the balance due, (3) until the check cleared the vehicle would remain on defendant's property, (4) before the check cleared, hail damaged the vehicle while it still was in defendant's driveway, and (5) because of the damage, plaintiffs never took possession of the vehicle, no longer wanted it, and asked defendant to return the purchase price.

{¶ 7} Premised on those facts, the trial court concluded that the parties agreed that the transfer of title and delivery of the vehicle would occur only after the successful transfer of funds. In reaching its decision, the trial court applied R.C. 1302.42(B), which provides that "[u]nless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of security interest and even though a document of title is to be delivered at a different time or place." Because the agreed facts demonstrated that no delivery of the title or

vehicle occurred at the time of the hailstorm, the trial court granted plaintiffs' motion and entered judgment for plaintiffs on their complaint and on defendant's counterclaims.

{¶ 8} Defendant appeals, assigning two errors:

Assignment of Error No. 1

The Trial Court erroneously granted judgment on the pleadings in favor of Plaintiffs–Appellees and against Defendant–Appellant because material issues of fact existed which precluded judgment on the pleadings with respect to delivery of the 1996 Honda Civic EX and/or tender of delivery of the 1996 Honda Civic EX to Plaintiffs–Appellees by Defendant–Appellant.

Assignment of Error No. 2

The Trial Court erroneously granted judgment on the pleadings in favor of Plaintiffs–Appellees and against Defendant–Appellant because Plaintiffs–Appellees were not entitled to judgment as a matter of law with respect to the causes of action asserted in Plaintiffs–Appellees' Complaint and Defendant–Appellant's Counterclaim.

{¶ 9} A Civ.R. 12(C) motion for judgment on the pleadings is specifically for resolving questions of law. *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* (Apr. 25, 2002), Franklin App. No. 01AP–1073, 2002 WL 723707, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. In ruling on the motion, the court is permitted to consider both the complaint and answer, but must construe as true all of the material allegations, drawing all reasonable inferences in favor of the nonmoving party. Id.; *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267. In order to grant the motion, the court must find beyond doubt that the nonmoving party can prove no set of facts that would entitle him or her to relief. *McLeland v. First Energy*, Summit App. No. 22582, 2005-Ohio-4940, 2005 WL 2291881, at ¶ 6. Our review of the appropriateness of judgment on the pleadings is de novo. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

## I. First Assignment of Error

{¶ 10} In her first assignment of error, defendant contends that the trial court erred in granting judgment on the pleadings to plaintiffs, as a material issue of fact exists about whether defendant tendered delivery of the vehicle.

{¶ 11} Where a motor vehicle identified to a purchase contract is damaged, lost, or destroyed prior to the issuance of a certificate of title in the buyer's name, the risk of such damage, loss, or destruction lies with either the seller or buyer as determined under the rules set forth in R.C. 1302.53. *Hughes v. Al Green, Inc.*

(1981), 65 Ohio St.2d 110, 19 O.O.3d 307, 418 N.E.2d 1355, at syllabus. R.C. 1302.53 states that "the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise the risk passes to the buyer on tender of delivery." The parties here agree that defendant is not a merchant. Thus, if defendant tendered delivery, plaintiff bore the risk of the loss; if defendant did not tender delivery, the risk of loss remained with her.

{¶ 12} Although the trial court concluded that defendant did not tender delivery, it incorrectly focused on ownership and legal title in reaching its decision. Title is no longer "of any importance in determining whether a buyer or seller bears the risk of loss." *Snider v. Berea Kar Co.* (1989), 65 Ohio App.3d 552, 556, 584 N.E.2d 1248, citing *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 524 N.E.2d 507. Rather, tender of delivery "requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." R.C. 1302.47(A). In this context, disposition means "doing with as one wishes: discretionary control." Webster's Third New International Dictionary (1966) 654. Delivery thus does not consist in the mere transfer of location or custody of property. *H & B Chevrolet–Cadillac, Inc. v. Boutell Driveaway, Inc.* (Dec. 12, 1974), 75 Pa.D. & C.2d 401, 404, 1974 WL 15991. The parties concurring to a transfer per the contract must intend one to deliver and the other to receive. Id.

{¶ 13} When tendering delivery, the seller must not limit the buyer's disposition of the goods. *Burnett v. Purtell* (June 30, 1992), Lake App. No. 91–L–094, 1992 WL 192304. *Burnett* upheld the trial court's order allowing rescission because no tender of delivery occurred when the seller did not remove personal possessions from a mobile home after title passed to the buyer. After the mobile home was destroyed in a fire, the buyer sought rescission of the contract. As the personal property inside the mobile home fettered the buyer's disposition of the mobile home, *Burnett* held that the requirements for tender of delivery were not met.

{¶ 14} When, however, limitations upon a buyer's disposition of personal property do not result from the seller's activity, then the requirements for tender of delivery are met. The buyer in *Semler v. Prescott* (May 14, 2002), Cal.App. Fourth District, No. E029713, 2002 WL 982648, was not permitted to rescind the contract even though the seller damaged the item purchased, a $36,000 Lalique crystal table. In *Semler,* the seller's tender of delivery was effective even though he remained in possession of the table, as he placed no restrictions on the buyer's disposition of the table. The table remained with the seller simply because the buyer failed to arrange shipping. Risk of loss passed to the buyer upon the seller's effective tender of delivery. See, also, *Akin v. Continental Ins. Co.* (Dec. 26, 2000), Licking App. No. 00–CA–00064, 2000 WL 1886305 (tender of delivery

occurred when the buyer took physical possession of the vehicle by accepting the keys, starting the vehicle and driving it, even though he drove it on the seller's property).

{¶ 15} Defendant contends that she fulfilled the statutory requirements for tendering delivery by turning over the keys to the vehicle and, after signing the certificate of title over to plaintiff's father per plaintiffs' request, by placing the certificate of title in the vehicle's glove box. She asserts that plaintiffs chose to leave the vehicle at her residence in order to induce her to take a personal check. Defendant argues that "for all intents and purposes," plaintiffs "possessed and controlled the Vehicle when the keys were given to them." She thus claims not only that she tendered delivery of the vehicle, but also that plaintiffs were in actual possession of the vehicle at the time it was damaged. Describing the fact that the vehicle remained parked in her driveway as a "red herring," defendant asserts that she could have done "absolutely nothing else" to complete her performance with respect to physical delivery of the vehicle.

{¶ 16} The vehicle's continued presence in defendant's driveway is not a red herring. Under Ohio law, a purchaser's performance under a contract generally is complete when the purchaser tenders the check. R.C. 1302.55(B) states that "[t]ender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender and gives any extension of time reasonably necessary to procure it." Thus, upon tendering the check, plaintiffs ordinarily would be free to drive away in the vehicle. Understanding why the car remained in the driveway is central to determining whether defendant tendered delivery.

{¶ 17} The difficulty in applying the law to this case lies in determining why the car remained on defendant's property, as the pleadings do not disclose that information. If plaintiffs paid by check but defendant refused to consider payment made until the check cleared, then plaintiffs were not free to remove the vehicle from defendant's driveway until the check cleared. Under those circumstances, defendant did not tender delivery under R.C. 1302.47, as plaintiffs lacked the discretionary control over the vehicle. As a result, the risk of loss would not have passed to plaintiffs. By contrast, if to induce defendant to accept payment by check plaintiffs offered to allow the vehicle to remain on defendant's driveway until the check cleared, then the risk of loss passed to plaintiffs, who in their discretion volunteered to leave the car on defendant's driveway in order to pay in tender most convenient to them. Because the pleadings do not reveal the underlying reasons for leaving the car in the driveway until plaintiffs' check cleared, judgment on the pleadings is inappropriate.

{¶ 18} In the final analysis, the pleadings do not entitle plaintiffs to judgment as a matter of law as to whether defendant tendered delivery of the vehicle,

including why the vehicle remained on defendant's property. Accordingly, we sustain defendant's first assignment of error. Since the first assignment of error determines this appeal, defendant's second assignment of error is rendered moot. Because we sustain defendant's first assignment of error, we reverse the judgment of the trial court granting judgment on the pleadings to plaintiffs, and we remand the cause for further proceedings in accordance with this opinion.

Judgment reversed
and case remanded.

SADLER, P.J., and McGRATH, J., concur.